## AMERICAN WELL-WORKS v. RIVERS.

*Circuit Court, D. Louisiana. June 14, 1888.*

CONTRACTS—CONSTRUCTION.
> A written contract, by which plaintiff agrees to sink an artesian well for defendant, supplying a given quantity of water, does not require that the water should be potable and fit for washing and for making steam, though plaintiff knew defendant was a hotel keeper, and desired water of that character for hotel purposes.

At Law. On motion for new trial.
Action by the American Well-Works against Robert E. Rivers to recover for sinking an artesian well. Verdict for plaintiff, and defendant moved for a new trial.

Before PARDEE and BILLINGS, JJ.

A. C. Lewis, for plaintiff.

Gibson, Hall & Montgomery and Rouse & Grant, for defendant.

PARDEE, J. On the original pleadings, in this case the plaintiff was entitled to judgment. The answer admits the contract sued on, admits plaintiff's compliance with all the specified stipulations of the contract, and rests the defense upon a claimed construction, not justified by the

[1] Publication delayed by inability to obtain copy of opinion at time of rendition.

letter of the contract, which would in effect add to the guaranties already stipulated an additional and onerous one wholly out of proportion to the consideration named in the contract. The contract is one to sink artesian wells. The plaintiff assumed the risk of and guarantied the quantity of water to be furnished. The defendant says that as he was a hotel keeper and the plaintiff knew he wanted the water for hotel purposes, that in addition to the quantity of water expressly guarantied the plaintiff impliedly guarantied that the water should be potable and fit for washing and to make steam. The subject of the contract was necessarily an experiment. If successful, particularly in obtaining pure water, the advantage was to be wholly the defendant's, and the value of the wells would naturally be 10, if not 20, times the consideration to be paid the plaintiff for doing the work. The experiment was necessarily twofold, *i. e.*, as to quantity and quality of water supply. The parties expressly stipulated in writing that the plaintiff should assume all risk as to quantity. To construe the contract so as to charge him with the risk as to quality is to change the character of the contract from one for the sinking of wells to one for the supplying a hotel with water, and bind the plaintiff to a contract he never made. The trite maxim, *expressio unius est exclusio alterius*, or *expressum facit cessare tacitum*, decides the case. See Broom, Leg. Max. 505. "If there be several things of the same class or kind, the expression of one or more of them implies the exclusion of all not expressed; and this, even if the law would have implied all if none had been enumerated." 2 Pars. Cont. 28; Chit. Cont. (9th Amer. Ed.) 25. In the contract in question the parties considered the guaranties to be given by the plaintiff, and they expressly stipulated for the guaranty as to quantity, and thereby it is manifest they excluded the more hazardous one as to quality.

On the pleadings, as amended, setting up a subsequent parol contract on the part of the plaintiff to guaranty the quality of the water, the case seems to have been submitted to the jury on the evidence, and there is no substantial complaint that the finding was not in accordance with the law and the evidence.

The affidavit of newly-discovered evidence is not sufficient to warrant a new trial. It does not show the diligence used. The evidence as set forth is cumulative, and if true and in the case it ought not to affect the verdict. That the plaintiff as well as the defendant hoped to get good water may be conceded, but that he contracted with the defendant to guaranty the quality of the water cannot be proved from conversations, however explicit, after the contract between two of the plaintiff's agents as to the hopes, expectations, undertakings, and agreements to get good water, as long as the matter concededly did not take the form of a contract with a consideration. According to what information I have as to the evidence on the trial, I am well satisfied that what defense there is in the case wholly arises under the construction proper to be given to the written contract sued on. The construction given by the trial judge in his charge to the jury was correct, and the charge requested by the defendant was properly refused. The verdict was in accordance with the charge

and the evidence adduced, and ought not to be disturbed. The motion for a new trial is therefore refused.

BILLINGS, J., concurs.