## UNITED STATES v. 1,200 GALLONS OF WINE.

(District Court, E. D. New York. December 3, 1924.)

Intoxicating liquors ⬅247—Prosecution or conviction of crime or revocation of permit not prerequisite to forfeiture of wine for unlawful sales.

· Under National Prohibition Act, tit. 2, § 25 (Comp. St. Ann. Supp. 1923, § 10138½m), wine possessed for sacramental and religious purposes is subject to seizure and forfeiture for unlawful sales thereof, without criminal prosecution or conviction of owner and without revocation of owner's permit; such permit being no defense where the law is violated.

Libel by the United States against 1,200 gallons of wine. On motion to set aside verdict for libelant. Motion denied.

Ralph C. Greene, U. S. Atty., of Brooklyn, N. Y., and Guy O. Walser, Asst. U. S. Atty., of New York City.

Louis J. Castellano, of Brooklyn, N. Y., for claimant.

GARVIN, District Judge. This is a motion to set aside the verdict of a jury directed by the court in favor of libelant.

A libel was filed by the United States of America praying for a decree of forfeiture of 1,200 gallons of wine stored and possessed by Ralph B. Hershone in a store at 5227 New Utrecht avenue, borough of Brooklyn, city of New York, said possession being for religious and sacramental purposes, under a permit required by the Act of Congress of October 28, 1919, known as the National Prohibition Law (Comp. St. Ann. Supp. 1923, § 10138¼ et seq.), the ground upon which forfeiture was demanded being an illegal sale or illegal sales of said wine. The government proved that on two separate occasions, one immediately following the other, on January 30, 1924, one gallon of wine was purchased at the premises in question, from the person in charge, without a suggestion that it was for use in religious rites. This, of course, was not legal under the permit. Each sale was a crime committed in the presence of agents of the government, who made the purchases in question, and under such circumstances the seizure was legal. No criminal prosecution and conviction of the owner is a prerequisite, under the statute, to warrant forfeiture, nor must the permit have been revoked.

While this precise point is not squarely decided in U. S. v. American Brewing Co. (D. C.) 296 F. 772, the observations in the opinion therein, with respect to guilt attaching to the res, are in complete harmony with this conclusion. While no direct authority upon the latter proposition has been brought to my attention, section 25, title 2, of the National Prohibition Law (Comp. St. Ann. Supp. 1923, § 10138½m) clearly provides that under the facts of the case at bar there were no property rights in the wine. That section reads:

"It shall be unlawful to have or possess any liquor or property designed for the manufacture of liquor intended for use in violating this title or which has been so used, and no property rights shall exist in any such liquor or property. A search warrant may issue as provided in title XI of public law numbered 24 of the Sixty Fifth Congress, approved June 15, 1917, and such liquor, the containers thereof, and such property so seized shall be subject to such disposition as the court may make thereof. If it is found that such liquor or property was so unlawfully held or possessed, or had been so unlawfully used, the liquor, and all property designed for the unlawful manufacture of liquor, shall be destroyed, unless the court shall otherwise order. No search warrant shall issue to search any private dwelling occupied as such unless it is being used for the unlawful sale of intoxicating liquor, or unless it is in part used for some business purpose such as a store, shop, saloon, restaurant, hotel, or boarding house. The term 'private dwelling' shall be construed to include the room or rooms used and occupied not transiently but solely as a residence in an apartment house, hotel, or boarding house. The property seized on any such warrant shall not be taken from the officer seizing the same on any writ of replevin or other like process."

It is urged that the permit, unrevoked, is a sufficient defense to the government suit. Suffice it to say that the permit protects possession if the law is obeyed; then and then only. As soon as liquor is used for any purpose other than those set forth in the permit, it is as though the permit had never issued.

Motion denied.