## SEITZ BREWING CO. v. BLAIR, Commissioner, et al.

(District Court, E. D. Pennsylvania. June 25, 1926.)

### No. 3751.

**1. Intoxicating liquors �köö101.**

It is violation of permit for manufacture of cereal beverages under National Prohibition Act, tit. 2, § 37, to place beer in portable containers or store it in racking room before alcoholic content is reduced to legal limit (Comp. St. Ann. Supp. 1923, § 10138½x).

**2. Intoxicating liquors ⊸255.**

Beer, seized by inspecting prohibition agents as being in violation of permit for manufacture of cereal beverages, in containers and in racking room, before reduction of alcoholic content to legal limit, may be retained by prohibition authorities pending action on citation.

**3. Intoxicating liquors ⊸255.**

Prohibition agents, having, under permit for manufacture of cereal beverages, right only to supervise the business pending hearing on citation, will be required to release to permittee possession of seized premises, except so far as necessary for reasonable supervision.

At Law. Action by the Seitz Brewing Company against one Blair, Commissioner, and others. On motion for preliminary injunction. Granted in part.

Benjamin M. Golder, of Philadelphia, Pa., for plaintiff.

George W. Coles, U. S. Atty., of Philadelphia, Pa., and William H. McNaugher, of Pittsburgh, Pa., for defendants.

THOMPSON, District Judge. [1] The plaintiff holds a permit for manufacture of cereal beverages under the provisions of title 2, § 37, of the National Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½x). Prohibition agents entered the premises for the purpose of making inspection, as they had a right to do under the permit and under power conferred upon the Commissioner and his subordinates, by applying title 2, § 28, of the Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½o) to section 3177, R. S. (Comp. St. § 5900). From the defendant's answer, it appears that, when the prohibition agents entered the premises, they found on the racking room floor a large number of barrels and kegs filled with beer largely in excess of the legal content, and that the same condition existed as to the beer taken from the racking machine. If this be true, and we must assume for the purpose of the motion that it is, it was in violation of the terms of the permit, which provides that no undealcoholized beer shall be placed or stored in bottles, kegs, or other portable containers, or stored in the racking room, until the alcoholic content thereof is reduced below one-half of 1 per cent., nor shall any such beer be in or passed through the racking room. This is in accordance with the regulations of the Commissioner of Internal Revenue, and its clear intent is that all beer, which may lawfully, in the course of brewing, be brought to an alcoholic content in excess of one-half of 1 per cent., must be reduced to within the legal content before racking or placing in portable containers.

Upon these facts the prohibition agents had probable cause to believe that the beer was being manufactured in violation of the provisions of the permit, which is made an offense under title 2, § 29, of the Prohibition Act (Comp. St. Ann. Supp. 1923, § 10138½p). It does not appear that there was any evidence of sales or transportation. There is evidence, however, that a truck was backed up to the platform in apparent readiness for loading with this contraband beer. The plaintiff and its officers and employees took the law into their own hands, attempted to force the agents out of the premises through the use of ammonia gas, broke the ebulliometer, called in the police to arrest the agents, and attempted to empty the beer into the drains. The gas attack was followed by a display of firearms on the part of the prohibition agents, and it is probable that the use of force on both sides had some effect upon the subsequent acts of the agents, for they seized and took possession of the entire premises, and refused the plaintiff's offi-

cers access to its books and papers, and forcibly prevented them from operating the brewery. A citation has been issued and a hearing will shortly be had. Under the terms of the permit, the permittee has agreed that, after the date set for the hearing on the citation, the business shall be under the supervision of the Prohibition Administrator until judgment on the citation is rendered.

[2, 3] It is apparent that the prohibition agents have undertaken more than supervision of the business. They have no legal right to seize and occupy the entire brewery plant, or to exclude the plaintiffs therefrom. The beer, which was seized as being in violation of the terms of the permit, may be retained by the prohibition authorities, and no injunction will issue as against the retention of possession of such beer and its containers. An injunction may issue requiring the defendants to release the possession of premises, except in so far as is necessary for a reasonable supervision of the business of making lawful beer, pending action upon the citation, requiring them to refrain from preventing the plaintiff having access to and possession of its books and papers, excepting the records required to be kept under the law and regulations.