## CALIFORNIA WINE ASS'N v. DORAN, Commissioner of Prohibition, et al.

District Court, N. D. California, S. D.
May 19, 1928.

No. 2044.

T. T. C. Gregory and W. Wallace Sheehan, both of San Francisco, Cal., for plaintiff.

George J. Hatfield, U. S. Atty., and Chellis M. Carpenter, Asst. U. S. Atty., both of San Francisco, Cal., for defendants.

KERRIGAN, District Judge. This is an action by the California Wine Association, by which plaintiff seeks to restrain the Commissioner of Prohibition and the administrator for this district from illegally refusing to issue a permit for the withdrawal and sale of certain red and white sparkling wines for sacramental and religious purposes. The bill asks a temporary as well as a permanent injunction. A motion to dismiss, on the ground that the bill does not state a cause of action, has been interposed on behalf of the Commissioner and the administrator. A motion is also made on behalf of the Commissioner of Internal Revenue, who is also made a party. Plaintiff consents that the latter motion may be granted.

The bill alleges that on January 5, 1928, a certain duly ordained Jewish rabbi made application on the proper form for certain red and white sparkling wines for the celebration of religious rites, which application was refused. It is alleged that this refusal is violative of the legal rights of the applicant and of this plaintiff. Plaintiff alleges that it has on hand a large stock of red and white sparkling wines, of a nature subject to deterioration, which it can dispose of legally only for sacramental and religious purposes. It alleges that the wines are of such age that it will be irreparably injured by their total loss through deterioration pending the determination of this litigation. The damage alleged is of such a nature and extent as to warrant the temporary injunction sought, if the bill sets up a cause of action such as to warrant the conclusion that plaintiff is probably entitled to the permanent relief sought.

In this connection it is alleged that, both under the National Prohibition Act (27 USCA) and the regulations of the Treasury Department made under authority of the National Prohibition Act, the sale of wines for sacramental purposes and religious rites is authorized. From 1920 to 1923, plaintiff was permitted to sell and did sell 2,500 cases of red and white sparkling wines for such purposes. In 1923 the defendants refused to permit the withdrawal and sale of such wines for these purposes, and have continued to refuse to permit such withdrawals and sales. Plaintiff still has on hand upwards of 13,500 cases of such wines, made prior to the enactment of the National Prohibition Act, which it desires to dispose of.

The question is as to whether the refusal to permit the withdrawal and sale of red and white sparkling wines for sacramental purposes and religious rites is arbitrary, discriminatory, and beyond the authority conferred upon defendants by the National Prohibition Act. Sections 3 and 6 of tit. 2 of the National Prohibition Act provide:

Section 12 (27 USCA): "Liquor for non beverage purposes and wine for sacramental purposes may be manufactured, purchased, sold, bartered, transported, imported, exported, delivered, furnished and possessed,

but only as herein provided, and the commissioner may, upon application, issue permits therefor."

Section 16 (27 USCA): "Nothing in this chapter shall be held to apply to the manufacture, sale, transportation, importation, possession, or distribution of wine for sacramental purposes, or like religious rites, except this section (save as the same requires a permit to purchase) and section 22 hereof, and the provisions of this chapter prescribing penalties for the violation of either of said sections."

Regulations No. 2, of the Treasury Department, Bureau of Prohibition, as revised October 1, 1927, cover this subject in sections 1401, 1420, 1421, art. 14, in each case referring, as does the National Prohibition Act, merely to "wines" to be used for sacramental purposes and religious rites. Regulation of January 13, 1928, Treasury Decision No. 21, however, provides that no champagne or other sparkling wines may be manufactured, imported, or sold for the abovementioned purposes, and forbids approval of applications therefor on form 1412. Is this regulation unauthorized, as an attempt to legislate, by adding to the National Prohibition Act limitations not placed there by Congress?

 The National Prohibition Act contains no limitation as to the nature of the "wines" which may be used for religious purposes. To attempt to restrict the classes of wines which may be so used is apparently to attempt to incorporate into the act exceptions which Congress has not seen fit to make. Stroh Products Co. v. Davis (D. C.) 8 F.(2d) 773; Oertel Co. v. Gregory (D. C.) 270 F. 789; U. S. v. George, 228 U. S. 415, 33 S. Ct. 412, 57 L. Ed. 712; Waite v. Macy, 246 U. S. 606, 38 S. Ct. 395, 62 L. Ed. 892. The Treasury Department may by regulation or decision determine the character or qualifications of the persons who may apply to purchase wines for religious purposes, and otherwise make sure that wines are being procured for such purposes only. Ma-King Products Co. v. Blair, 271 U. S. 479, 46 S. Ct. 544, 70 L. Ed. 1046. But refusal to permit sales of wines of certain types for such purposes does not seem to be such regulation. On its face it is a definite limitation of the terms of the National Prohibition Act, whose immediate effect is to deprive plaintiff of its right to dispose of its property. This is sufficient for the purpose of determining the right to a temporary injunction. If the proof on the trial establishes that as a matter of fact wines of this type are never

properly used for religious purposes, a different question may be raised.

The bill states a cause of action. The motions to dismiss as to the Prohibition Commissioner and the administrator will be denied. The motions to dismiss as to the Commissioner of Internal Revenue will be granted.

A temporary injunction will be granted, whereby defendants will be enjoined and restrained during the pendency of this action from refusing to permit the withdrawal and sale of red and white sparkling wines, when demand is legally made therefor on form 1412 of the Treasury Department, Bureau of Prohibition, or any other form which may be issued by said department and bureau for the withdrawal of wine for sacramental purposes or like religious rites.