**HERRMAN v. LYLE, Prohibition Administrator.**

**No. 744.**

District Court, W. D. Washington, N. D.

June 23, 1930.

Edmund F. Maher, of San Francisco, Cal., and Hyland, Elvidge & Alvord, of Seattle, Wash., for complainant.

Anthony Savage, U. S. Dist. Atty., and Cameron Sherwood, Asst. U. S. Dist. Atty., both of Seattle, Wash., for defendant.

NETERER, District Judge.

█ Regulations adopted by the Commissioner of Prohibition, with the approval of the Secretary of the Treasury, have the force of law. Shapiro v. Lyle (D. C.) 30 F.(2d) 971, and cases cited.

Section 13, title 27, USCA (Section 4, title 2, National Prohibition Act), provides that "the articles enumerated in this section shall not, after having been manufactured and prepared for the market, be subject to the provisions of this chapter if they correspond with the following descriptions and limitations, * * * (b) Medicinal preparations manufactured in accordance with formulas prescribed by the United States Pharmacopoeia, National Formulary. * * * "

There is no authority of law or regulation called to the court's attention, and none is known to the court, authorizing the seizure of medicinal preparations manufactured in good faith under formulæ prescribed by the United States Pharmacopoeia or National Formulary. By the express provisions of section 13, title 27, USCA (section 4, title 2, National Prohibition Act), such article is exempt from the provisions of the National Prohibition Act, and by section 14, title 27, USCA (section 5, title 2, National Prohibition Act), if the commissioner has reason to believe the article does not correspond with the descriptions and limitations, and if upon analysis finds it does not so correspond, he is required to give notice in writing to the manufacturer to show cause why the article should not be dealt with as *intoxicating liquor,* and if the manufacturer fails to show to the satisfaction of the Commissioner that it does correspond, the permit to manufacture and *sell* shall be revoked; and if review is sought in a court of equity, the manufacture and sale may be restrained pending such hearing. And regulation 526 has a similar provision requiring notice to show cause why the preparation should not be treated as *intoxicating liquor.* All provisions must be considered together. Complete provision is expressly made for dealing with the product made under permit, and not until a finding that it shall be dealt with as intoxicating liquor does criminality attach and become liable to restraint or seizure. Expressio unius est exclusio alterius. United States v. Barnes, 222 U. S. 513, 32 S. Ct. 117, 56 L. Ed. 291. Expressum facit cessare tacitum are determinative. American Well Works v. Rivers (C. C.) 36 F. 880.

█ To convict of crime requires proof of intent to commit crime. United States v. Pearce, 27 Fed. Cas. 480, No. 16020; Nosowitz et al. v. United States (C. C. A.) 282 F. 575. The clear provision of the statute and regulation is that, before criminality can attach, bad faith or wrongful intent must be apparent. That the complainant acted in good faith upon the record, by consultation with the chief of the Federal Prohibition Laboratory, by the chief manufacturing chemist, and by the submission for analysis to the Chemical Service Laboratory, appears obvious, and this is not overcome by the analysis of the assistant chemist of the Prohibition Bureau.

It may be that there is more wisdom in taking and sealing, after suspicion is created and analysis made, before the finding, and the restraint by a court of equity, if review is sought, but that is a matter for the consideration of the Congress making the laws, or the Commissioner and the Secretary of the Treasury making regulation covering such omission, but may not be supplied by the Prohibition Administrator. Stroh Products Co. v. Davis (D. C.) 8 F.(2d) 773; California Wine Ass'n v. Doran (D. C.) 28 F. (2d) 80.

The cases relied upon by the defendant: In Seitz Brewing Co. v. Blair (D. C.) 13 F. (2d) 946, it appeared that the agents found on the racking-room floor a large number of barrels and kegs filled with beer largely in excess of the legal content, and the same condition as to the beer taken from the racking machine—malum in se. The permit provided that no undealcoholized beer shall be placed or stored in the racking room until the alcoholic content thereof is reduced below one-half of 1 per cent., nor shall any such beer be passed through the racking room—it being the clear intent that all beer which may lawfully, in the course of brewing, be brought to alcoholic content in excess of one-half of 1 per cent. must be reduced to the legal content before racking or placing in portable containers. Clearly, this case is distinguished from the instant case.

Feitler v. United States (C. C. A.) 34 F. (2d) 30, has no application to the facts in this case, being an action of forfeiture of whisky cans, jugs, barrels, bottles, cartons, corks, labels, wrappers, extracts, and other

articles held subject to forfeiture, where assembled with liquor, and about to be put on sale in large quantities.

United States v. 1200 Gallons of Wine (D. C.) 3 F.(2d) 334, was a case where wine was sold without authority or suggestion that it was for use in religious rites, where the permit clearly did not permit such act. Compare Shapiro v. Lyle, supra.

All the other cases have relation to issuance or denial of permits, etc., and to return of contraband liquor. The policy of the law and regulations is directed to stopping the use of intoxicating liquor as beverage, and must be construed and administered sensibly to attain the object aimed at. Neither the act nor the regulations confer power on the department to seize medical preparations made pursuant to permit until it is condemned by a finding after notice, unless it is obvious that the permit was disregarded and bad faith is manifest.*

Motion to dismiss is denied, and restraining order granted. '

---

*The most recent expression of the Supreme Court is Campbell v. Galeno Chemical Co. (May 26, 1930) 281 U. S. 599, 50 S. Ct. 412, 74 L. Ed. 1063.