**UNITED STATES v. NOMEL PRODUCTS CO., Inc., et al.**

**No. 174.**

Circuit Court of Appeals, Second Circuit.
Feb. 2, 1931.

John M. Cashin, of New York City (Asa S. Herzog, of New York City, of counsel), for appellants.

Robert E. Manley, Acting U. S. Atty., of New York City (Arthur H. Schwartz, Asst. U. S. Atty., of New York City, of counsel), for the United States.

Before MANTON, AUGUSTUS N. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The order appealed from reversed the decision of the United States commissioner holding that a search warrant theretofore issued was invalid and precluding the use of evidence obtained by the search. The warrant authorized the search of appellants' business premises in New York City. The affidavits upon which the warrant was granted set forth that prohibition agents visited the premises; that they observed a shipment of cartons which were being made to persons in other districts, and that it contained bottles of "a substandard fluid extract of ginger which had been sold and used for beverage purposes;" that a one-gallon can and two two-ounce bottles were extracted from a carton and turned over to the government chemist. The chemist found, upon examining the three samples of liquids, that they contained 81 per cent. alcohol by volume and were sub-

standard fluid extract of ginger, deficient in oleo-resin of ginger and made with ethyl alcohol not highly rectified, instead of United States Pharmacopœia alcohol, and "that by diluting with water or some other suitable potable liquid, the said substance, so analyzed by me as aforesaid, can be used for beverage purposes when containing more than one-half of one per cent. of alcohol by volume."

The appellants' place of business consisted of an office with furniture and a workroom with counters, empty bottles, and cartons. Two men were found engaged in packing. There was found and seized fluid extract of ginger, together with other articles, to wit, witchhazel, pear extract, vanilla extract, spirits of camphor, extract of orange peel, soap liniment, chloroform liniment, iodine, and other drug sundries. All articles were returned except the extract of ginger. On application, the commissioner quashed the search warrant and precluded the use of the evidence thus seized. On application to the District Court, the order of the commissioner was reversed and the motion to vacate the warrant denied. The appellants did not manufacture the extract of ginger, nor were they permittees for such manufacture. Therefore they are not subject to regulation by the provisions of law affecting permittees. Extract of ginger is a medicinal preparation.

The question presented is whether the affidavits setting forth these facts show probable cause to believe that the appellants possessed intoxicating liquors as defined by section 4, title 27, USCA. Section 4 defines intoxicating liquors as follows:

"The word 'liquor' or the phrase 'intoxicating liquor' shall be construed to include alcohol, brandy, whisky, rum, gin, beer, ale, porter, and wine, and in addition thereto any spirituous * * * liquids, and compounds, whether medicated, proprietary, patented, or not, and by whatever name called, containing one-half of 1 per centum or more of alcohol by volume which are fit for use for beverage purposes. * * * *"

■ Is the extract of ginger within the definition of intoxicating liquor as a liquid or compound? While the alcoholic content referred to in the statute is admitted, it is denied that the extract of ginger was fit for use for beverage purposes. Possession of a medicinal product by one who is not a permittee and who is not a manufacturer does not subject him to apprehension as a violator of the prohibition statute. There is no statement in the affidavits upon which to predicate a finding that the appellants did not

purchase the extract of ginger from some permittee who was authorized to manufacture pursuant to a prescribed formula. The general provisions of the Prohibition Act do not apply to medicinal preparations [Sherman v. United States, 10 F.(2d) 17 (C. C. A. 6)], and, if the extract of ginger was merely a medicinal preparation, manufactured in good faith under a formula prescribed by the United States Pharmacopœia, there is no authority of law authorizing the seizure [Herrman v. Lyle, 41 F.(2d) 759 (W. D. Wash.)]. Section 13, title 27, USCA, exempts from the provisions of the National Prohibition Act medicinal preparations. Under section 14, title 27, USCA, if the commissioner has reason to believe that the article does not correspond with the descriptions and limitations of the permit or if upon analysis it is found that it does not correspond to the permit requirements, the manufacturer may be obliged to show cause why his product should not be dealt with as intoxicating liquor. Criminality does not attach until there is justification for a finding that it must be dealt with as an intoxicating liquor; it being then unlawfully possessed or sold.

■■■ An attempt is made to support the search warrant because the affidavit of the chemist sets forth that "by diluting with water or some other suitable potable liquid, the said substance, so analyzed by me as aforesaid, can be used for beverage purposes when containing more than one-half of one per cent. of alcohol by volume." And it is argued that the fluid seized is an intoxicating liquor defined in the National Prohibition Act because by diluting it became such. 27 USCA section 12. It is not a liquid or compound within section 4, title 27, we think, because it was not fit for use for beverage purposes when seized and the affidavit upon which the warrant was issued so states. In Hawthorne v. United States, 37 F.(2d) 316, 317 (4th Circuit), the court approved a charge of the trial judge who instructed the jury that it was not necessary that there be proof of actual fitness of alcohol for beverage purposes at a given time "provided it is reasonably fit in the sense that it is an article which, with little, or with a very simple change, can be put in the customary condition for beverage purposes." And in Alksne v. United States, 39 F.(2d) 62, 69 (1st Circuit), the court said, "The phrase, 'fit for beverage purposes,' found in section 1, tit. 2, of the act (27 USCA § 4), was intended, we think, by Congress to be limited in its modification to the items enumerated after the words 'in addi-

tion thereto'; and that it is the common understanding, and was the intent of Congress so to declare, that alcohol, whisky, rum, etc., are all intoxicating liquors, and therefore are to be considered fit for beverage purposes within the meaning of the act, unless rendered unfit by the addition of some other ingredient for that purpose." But such fitness for beverage purposes we think has no application to extract of ginger which was possessed, with other drug sundries, by one other than the manufacturer. It is not fit for beverage purposes. As said in Sherman v. United States (C. C. A.) 10 F.(2d) 17, 18, "However, medicinal preparations are not within the ordinary definition of intoxicating liquor * * * the first part of section 4 exempts them wholly from the operation of the act." The fitness of the liquid for beverage purposes must be tested by the facts disclosed in these affidavits. The warrant was applied for on the affidavits and issued under the National Prohibition Act, and a search was made accordingly under the provisions of § 25 (27 USCA § 39). It was necessary for the affidavit of the applicant for a search warrant to show affirmatively the facts upon which probable cause for issuing the same could be found by the commissioner. These affidavits did not, and the search warrant was illegal, and the evidence obtained became incompetent. Nobriga v. United States, 22 F.(2d) 507 (C. C. A. 1); Kasprowicz v. United States, 20 F.(2d) 506 (C. C. A. 6).

■■■ Nor may the seizure be justified on the claim of unlawful possession under section 39, or unlawfully advertising, selling, or possessing for sale a preparation or compound designed or intended for use for the unlawful manufacture of intoxicating liquor, under section 30, of title 27, USCA. What was seized made it obvious that appellant dealt in drug sundries in which the fluid extract of ginger may be classified. If possession was unlawful, it could only be so under section 30 or section 39, title 27, USCA. To show unlawful possession, required statements in the affidavits of an intent to use the substance in violation of the Prohibition Act. The extract of ginger must have been possessed with a design of, or intended for, use in the unlawful manufacture of intoxicating liquors. To make out such an unlawful possession and prove the probable cause necessary to be shown in the affidavit for a search warrant, the affiants were obliged to show the criminal intent. Proulx v. United States, 32 F.(2d) 760 (C. C. A. 1); Herter v. United States, 33 F.(2d) 402, 65 A. L. R. 1240 (C. C. A. 9);

Nosowitz v. United States, 282 F. 575 (C. C. A. 2). The affidavits failed to show such intent. The order must therefore be reversed.

Order reversed.