## UNITED STATES v. ABDA.
### No. 9911.

District Court, M. D. Pennsylvania.
March 19, 1940.

Frederick V. Follmer, U. S. Atty., and Joseph P. Brennan, Asst. U. S. Atty., both of Scranton, Pa., for the Government.

Edward J. Kelly and J. Desmond Kennedy, both of Scranton, for defendant.

JOHNSON, District Judge.

In this indictment Mr. Edward Abda, defendant, is charged with having sold on October 28, 1939, in Olyphant, unlawfully, knowingly, falsely and feloniously, to H. R. Lady, one pint of rubbing alcohol, a substance or preparation made with or containing denatured alcohol, well knowing that it was the intention of the purchaser to procure the same for use for beverage purposes, contrary to the form of the statute in such case made and provided and against the peace and dignity of the United States of America. The defendant has waived a jury trial and the court is now about to pass on the innocence or guilt of the defendant.

Now I want to discuss first the legal side of this charge in this indictment. In this indictment the charge is that this rubbing alcohol was sold by this defendant well knowing that it was the intention of the purchaser to procure the same for use for beverage purposes. It is in the indictment and the indictment is correct. The indictment is correct as based upon the law as laid down in the Sherman decision. Now I must hold in this crime, as in the average criminal act, there must appear two elements, the intent and the act; first, the intention to violate the law on the part of the accused and this intention must be shown to exist on the part of the defendant to sell this rubbing alcohol, which is not a beverage but in the nature of a medicine, for the purpose of being used for a beverage. That intention must exist in the mind of the defendant at the time, and he must sell it with the knowledge or with the reasonable ground of believing that this government agent bought it for that purpose, not for the purpose of entrapment, but for the purpose of use as a beverage. The evidence must show beyond a reasonable doubt that he bought it for beverage purposes. I cannot find and I do not find from all the evidence in this case that that was the object of the purchase. The object of the purchase was merely to use it for evidence, as commonly said here for entrapment. A difference exists, as shown by the Sherman case, between selling beverage like whiskey or beverage alcohol or beer, of selling a regular beverage from the act of selling something primarily for medicine, like rubbing alcohol. In the case of the beverage it need not appear that the beverage was actually drunk by the purchaser if it was sold contrary to law, as we have in the prohibition cases.

Going further into the law, we have the case of Sherman v. United States, in the Circuit Court of Appeals, Sixth Circuit, January 6, 1926, reported in 10 F.2d 17, at page 18, in which it was said:

"It is contrary to the general principles of criminal law—except in conspiracy—that the mere intent to violate the law, not followed by actual violation, should be a crime. We think the ultimate thing at which this part of section 4 was aimed was such intoxication as might be caused through the purchase of these preparations by one who intended to use them to drink, and we conclude that participation by the seller in this actual intent by the purchaser furnishes the only reasonable basis for transforming the otherwise permitted sale into a prohibited one. It is the reasonable and consistent construction of this part of the statute to regard it as directed against those sales which were in fact for drinking purposes, and where the seller either knew or should have known this purpose. It follows that, unless the purchaser at the time of the purchase intends beverage use, there is no violation of law in which the seller can participate, either by direct purpose or by equivalent indifference and negligence.

"We get no helpful analogy from the numerous instances of a transaction by two parties, where the criminal intent of only one of them is held to be sufficient to make him guilty—like an acceptance of a bribe offered only as a test, or like the other familiar entrapment cases. In all of those the necessary intent of the respondent rests sufficiently upon the act done by him; in the present case the respondent's effective intent is, as we construe the statute, declared to rest, necessarily and only, upon the actual intent of the other party to the transaction."

On the law the court must hold that the defendant must have sold for beverage purposes and the purchase must be made for beverage purposes, and here the court must find that it was not the purpose of the officers to buy the rubbing alcohol for drinking purposes. If this were a jury trial, I would be required to instruct the jury to render a verdict of not guilty.

For the sake of the argument, should I take the view advanced by the learned United States Attorney that the alcohol was purchased for beverage purposes, the evidence does not show that the defendant was guilty. The defendant is presumed to be innocent until his guilt is established by such evidence as will convince a jury beyond a reasonable doubt that he is guilty. I am acting now as a jury and I must observe all the rules which must be observed by a jury. So we have the presumption of innocence and the jury, here the court, must be satisfied beyond a reasonable doubt that this defendant was selling that for beverage purposes assuming now that that would be all that would be necessary. Even there from the evidence I do not think guilt has been established. Now what is the situation here. In addition to this presumption of innocence there is testimony, admitted by the United States Attorney, that defendant up to this time has borne a good reputation for being a law abiding citizen. Good character is more than a make-weight of evidence. It is substantive evidence and may of itself be sufficient to raise a reasonable doubt in the mind of a jury and to work an acquittal.

Now in addition to that, here we have a grocery store with a small amount of this rubbing alcohol. One whole year, according to the uncontradicted testimony, only eighteen bottles were sold. A small number of bottles were sold each month and there is no evidence in this case, and this is important, that there was a reckless selling to any one else in the neighborhood. There is no scintilla of evidence that this defendant was reckless in selling this rubbing alcohol to any parties whatsoever. There is only this one single instance brought into question. This bears upon his intention, important evidence if he had sold to other persons in a reckless manner. But there is no evidence that this defendant made any sales in a reckless manner and no evidence of any intention to violate this law. I was looking for evidence to determine what kind of a place it was, how much alcohol he kept on hand. If he was making a business of selling for intoxicating purposes and not for medicinal purposes the likelihood is he would have sold more per month, more per year, instead of the very small number of bottles; so that all of the evidence in this case negatives the intention to break the law. Since all of the evidence in this case except one purchase, which I will refer to, negatives any intention to violate the law, and since we have this presumption of innocence and proof of good reputation, how are we going to find him guilty from the evidence. I know these agents, they are good honest men. I do not think they would come in here and falsify and, therefore, I am going to assume for the sake of this decision that they did taste the alcohol; still that does not satisfy my mind beyond a reasonable doubt that this boy was intending to sell this for beverage purposes. One might come to a store to buy rubbing alcohol. He might put a little on his tongue, he might swallow a little in the presence of the druggist, and still I doubt whether an honest druggist, who obeys the law, would refuse to sell. He might reason that the purchaser was testing the efficacy of it or the value of it. The purchaser may want to see if it is real rubbing alcohol and, therefore, with the circumstances and remarks an honest man might not refuse to sell.

The law is in favor of this defendant and will require me to render a verdict of not guilty for the reason that two things, the intention and the act, must exist: the intention on the part of the defendant, and secondly, the purpose of buying for beverage purposes and he must have sold it for that purpose and it must be bought for that purpose and not merely for entrapment or some other purpose. But if that were not the law as Mr. Brennan con-

tends and if it were only necessary for the defendant to have the intention to sell it for beverage purposes, still the court is not convinced beyond a reasonable doubt that the defendant intended to sell it for beverage purposes, and, therefore, the court is obliged to find the defendant not guilty.