ELFRIDA POWELL, Administratrix, *vs.* NORTHERN PACIFIC RAILROAD COMPANY.

June 3, 1891.

**Inspection of Books, etc., before Trial, When Ordered.**—Books, documents, or papers, production and inspection of which may be required under Gen. St. 1878, *c.* 73, § 88, must be such as may be used by plaintiff or defendant as evidence on the trial. If they contain merely hearsay, so that neither party could use them as evidence, such production or inspection cannot be called for.

**Railway—Negligence—Evidence.**—Evidence not sufficient to justify a verdict for plaintiff.

Appeal by plaintiff from an order of the district court for Crow Wing county, *Holland*, J., presiding, refusing a new trial after verdict for defendant.

*J. B. Douglas* and *Wetherby, True & Warner*, for appellant.

*John C. Bullitt, Jr.*, and *Tilden R. Selmes*, for respondent.

GILFILLAN, C. J. The action is on the ground of alleged negligence causing the death of the person for whose estate plaintiff is administratrix, such person having been, as alleged, killed while a servant of defendant engaged in his duty of uncoupling some cars, the negligence alleged consisting in moving the cars without any warning while he was uncoupling them, and in the failure to have the space between what is called the "guard rail" and "main rail" blocked or filled as required by statute. Before the trial, the plaintiff procured *ex parte* an order requiring the defendant to produce, at the opening of the trial, for the inspection and use of the plaintiff as evidence, certain reports or statements in writing as to facts and circumstances of the killing, alleged to have been made to defendant, at its request, by certain of its employes. On the trial this order was vacated, and rightly, because such reports or statements, being necessarily but narrations or recitals of past events, were in the nature of hearsay, and could not be used as evidence of such events, either by the plaintiff or the defendant. Gen. St. 1878, *c.* 73, § 88

refers only to books, documents, or papers "containing evidence relating to the merits of the action, or the defence therein;" that is, which may be used as evidence on the trial.

What was said to the undertaker by those, appearing to be fellow-servants of deceased, who brought to him the remains of deceased, was clearly hearsay. The evidence offered, that a shoe of deceased was, two years after the death, applied to a guard and main rail, and that certain marks on the shoe corresponded with and fitted between those rails, was inadmissible, for the reasons, among others, that there was no evidence that deceased was killed at that place, and none that the rails remained in the same condition. It is unnecessary to consider the charge, for on the evidence defendant was entitled to a verdict. We have never known a case of the kind so utterly bare of evidence to sustain the complaint. There is none whatever as to what deceased was doing, or as to how he came to be killed, and none as to where he was found when dead.

Order affirmed.