**UNITED STATES ex rel. TENNESSEE VALLEY AUTHORITY v. NEAL et al.**

**No. 310 Civil.**

District Court, E. D. Tennessee.

April 25, 1942.

Wm. C. Fitts, Jr., Gen. Counsel for Tennessee Valley Authority, of Knoxville, Tenn., for plaintiff.

Polk Wright, of Harriman, Tenn., and T. Asbury Wright, Jr., of Knoxville, Tenn., for Ironton Ore Co.

TAYLOR, District Judge.

The question before the court arises out of the motion made by petitioner to strike from respondent's answer all reliance upon offers made by petitioner to respondent for the land condemned, and references to and reliance upon statements or reports as to value made by petitioner's appraisers to petitioner, and in some instances to respondent. The answer also relies upon certain geological data compiled by agents or employees of petitioner, and one such tabulation is attached to the answer as an exhibit. The answer calls upon petitioner to set out in an appropriate pleading or file certain documentary material in its possession showing an estimate of quantities, quality and value of certain iron ore underlying the surface of the property involved. Said alleged written or oral expressions of opinion as to value and estimate as to quantities is claimed to have sourced in a geologist then in the employ of the petitioner, now deceased. The answer further pleads the existence of a contract of purchase at a fixed sum tendered respondent by petitioner, and seeks to rely upon the sum therein offered as at least the minimum value of the property, and in its brief respondent seeks to distinguish such claimed written offer, which it alleges was in contract form requiring only the respondent's signature to complete the transaction, from admittedly objectionable offers made in an effort to compromise differences between petitioner

and respondent to avoid vexatious litigation.

As an underlying cause or reason for the difference of opinion existing between respondent and petitioner is the respondent's contention that petitioner is without legal authority to pay any sum to respondent more than the sum representing just compensation for the land or easements taken, and the offers to pay a sum greater than the amount petitioner tendered into court with its declaration of taking should be, as matter of law, taken as the very minimum of value or just compensation, and as to that minimum should be conclusive against petitioner, and should be excluded from the rule of evidence which forbids the introduction into evidence of offers made in an effort to compromise. Respondent argues that just compensation is the petitioner's upper limit, and once having formally offered a sum, petitioner cannot be heard to say that it offered more than just compensation in an effort to compromise differences and avoid litigation; that it had no power to offer more, and as matter of law did not do so.

It will be seen from what has so far been said that the differences between the parties arises to a large extent out of questions of policy as well as of law, and particularly the law applicable to the admission of evidence. In so far as pure questions of policy are concerned the court would have no jurisdiction. Whether as matter of policy the petitioner should tender into court a lesser amount than it has offered a land owner who has declined to accept the offer, and assert that the amount tendered represents, in the opinion of the petitioner, just compensation, is a matter about which there is room for honest difference of opinion. That question is not before the court here, as the right to possession has not been questioned on the basis of the inadequacy of the tender. That branch of the problem only leaves for the court to decide whether, having offered more, the larger offer may be shown in evidence, or whether it is to be excluded because a part of a futile negotiation to effect a direct purchase and to avoid litigation costly in time and money to the litigants as well as to the court.

I think it may be assumed, but it is not necessary to a decision, nor is it decided, that the Authority is powerless to acquire land or easements thereon, over or under, \at a price which exceeds just compensation therefor, and yet decide that offers beyond just compensation in an effort to avoid litigation made in the course of negotiation are inadmissible in evidence. The reason for the exclusion rule, applied when private litigants are concerned, is more necessary and more persuasive when an agent of the sovereign is concerned. The sovereign power of eminent domain having been granted the agency, even if limited, as contended by the respondent here, could not have been intended to subject the sovereign to disadvantages which do not burden the citizen. Such conclusion would be illogical, and is contrary to the settled law applicable to transactions with the sovereign which must deal through the instrumentality of officers and agents.

The proffered written contract containing an offer to pay a definite amount is not distinguishable on its facts from oral offers made and rejected in the course of negotiations.

■■ The issue presented in this case is what amount of money represents just compensation for the land taken or the flowage easement taken. That question of fact is susceptible of proof just as is any other similar issue of fact. Appraisals made by agents of the petitioner, even though communicated to the respondent, could not bind the Authority, nor as such are they admissible in evidence. The appraisers, geologists and the like may be called as witnesses by the respondent, and if their testimony is in conflict with oral or written appraisals theretofore made, and if the respondent makes proper showing to that effect, it would not be an abuse of discretion to permit the contradictory statement or appraisal to be received in evidence. It, of course, would not be evidence of the fact, but would only tend to contradict or weaken or destroy the probative effect of the testimony.

■ Reception of the oral statements, letters or reports of petitioner's geologist, now deceased, if proven and authenticated, would violate more than one rule of evidence. An insuperable barrier would be the hearsay rule, and moreover the oral statement, letter or report the answer seeks to bring forth could at most have been the act of an agent dealing with his principal, and without a semblance of conclusiveness, and certainly not an admissible declaration against interest. Atchison, T. & S. F. R. Co. v. Burks, 1908, 78 Kan. 515, 96 P. 950, 18 L.R.A.,N.S., 231; Wa-

bash R. Co. v. Farrell, 1898, 79 Ill.App. 508; Powell v. Northern Pac. R. Co., 1891, 46. Minn. 249, 48 N.W. 907; Lehan v. Chicago & N. W. R. Co., 1919, 169 Wis. 327, 172 N.W. 787; Bell v. Milwaukee Elec. Ry. & L. Co., 1919, 169 Wis. 408, 172 N.W. 791. See also 2 Mechem on Agency, 2nd. Ed., 1363, sec. 1784; 2 Fletcher Cyclopedia Corporations, Rev.Ed.1931, sec. 738. In the absence of the witness the petitioner would be powerless to show the methods employed in arriving at the conclusion or opinion and like matters, all of which enter into the reasons for the rule which excludes the testimony of deceased witnesses whom the adverse party has not once had an opportunity to cross examine. Enforcement of the rule sought by respondent in this connection would hamper no end the orderly exploration of underlying facts touching the value of any property either to be directly purchased or in process of condemnation.

 It is complained by respondent that the petitioner is at great advantage over it by reason of its superior means of developing the facts, and that it ought to be compelled to produce for the benefit of respondent all the information (doubtless including much misinformation) it has received from every source, including maps, appraisals, opinions, documents, etc., bearing upon the value of the property. Except as this may be procured under the settled rules of evidence where the issue is just compensation, the court has no power to compel the production by the petitioner of interdepartmental communications and the like. Waters v. United States, 1868, 4 Ct.Cl. 389; Carroll v. East Tennessee, Virginia & Georgia R. Co., 82 Ga. 452, 10 S.E. 163, 6 L.R.A. 214. It is my opinion the matters complained of in the motion to strike have no place in the pleadings.

If the court understands and has correctly stated the questions presented, there is no point in citation of further authority. The cases cited by respondent, in so far as they are either authoritative or persuasive, announce no different rule from that stated. One argument made by respondent is that the answer which the motion seeks to strike contains recitations that the geologist and appraisers were agents of the petitioner, and that therefore as such would have the power to bind their principal, and that respondent should be given an opportunity to prove that the statements made by them were authoritative and binding as from an agent delegated with the power to make final and binding admissions against the interest of the principal. The answer recites no fact supporting the conclusion that any geologist, appraiser or other agent of petitioner was clothed with or appeared to be clothed with the power to commit petitioner to any fixed value, either as to surface or mineral interests. The whole of the answer shows that the facts are and respondent's theory is that petitioner, in an effort to advise itself as to value, had many agents and employees do many things to aid it in fixing a value, and that in the course of its investigation and negotiation some of said agents and employees made reports, oral and written, to the petitioner, and that some of them made statements to the respondent, in which statements opinions as to value were expressed, and in this situation respondent contends that petitioner must disclose to it the substance of such reports and statements so that respondent can use same as evidence to show that the property has a greater value than petitioner has tendered into court, and respondent contends that in the course of the negotiation petitioner submitted on the basis of all of the information received by it, a contract, in which it agreed to pay a larger sum than it has tendered into court, if respondent would accept it. This claimed right does not exist on the basis of any averment of the answer by way of statement of fact. Boske v. Comingore, 1900, 177 U.S. 459, 20 S.Ct. 701, 44 L.Ed. 846; In re Valecia Condensed Milk Co., 7 Cir., 1917, 240 F. 310; In re Weeks, D.C.D.Vt. 1897, 82 F. 729; In re Hines, 2 Cir., 1934, 69 F.2d 52; United States v. Owlett, D. C.M.D.Pa.1936, 15 F.Supp. 736; 1 Greenleaf on Evidence, 14th Ed. 1883, sec. 1.

Order on the motion may be presented for approval and entry.