244 P.2d 356

**LEIGH v. LOYD.**

No. 5504.

Supreme Court of Arizona.

May 5, 1952.

Krucker & Evans, of Tucson, for appellant.

James M. Howsare, of Tucson, for appellee.

STANFORD, Justice.

Appellee, plaintiff below, brought this action to cancel and declare void a note and realty mortgage held by appellant. Appellee alleged appellant fraudulently procured said note and mortgage from appellee. The lower court renderd judgment in favor of appellee and ordered the note and mortgage cancelled. Appellant moved for a new trial and, upon the denial of the motion, now appeals from the judgment and the order denying a new trial.

Appellee, Minnie P. Loyd, was a widow owning certain improved real estate in Tucson, Arizona. The appellant, Joe Leigh, was a real estate broker doing business in Tucson, a stranger to appellee until recommended to her by friends, Ruby and Anthony C. Tappero. The Tapperos were endeavoring to start a hospital in Tucson on property owned by Leigh and others. Capital was needed to begin the operation of the hospital and the Tapperos were trying to interest appellee in the venture by making them a loan. Appellee agreed that *if she could sell her duplex she would loan the Tapperos $3,000 from the proceeds of the sale.* Thereupon appellee orally listed the property for sale with appellant's realty firm. A short time later, December 8, 1948, appellant and the Tapperos went to appellee's residence to discuss the proposed loan. At that time, appellee, believing she was signing an exclusive listing for the sale of her duplex, signed a $3,000 note, payable in six months to appellant, and a realty mortgage on the duplex securing the note. At that same time the Tapperos signed a promissory note payable to appellee in the sum of $3,000 which the parties agreed was not to become effective until the property was sold.

Six months later appellee first learned the true nature of the papers she had signed when appellant demanded payment of the note and threatened foreclosure of the mortgage. Appellee immediately brought this action to cancel the note and mortgage.

Upon the trial of the cause before the court sitting without a jury, a note and realty mortgage bearing appellee's signature and a cancelled check in the amount of $3,000 drawn by appellant, payable to appellee, and bearing appellee's endorsement, were admitted in evidence. The note executed by the Tapperos, payable to appellee, was also admitted. Testimony was introduced to the effect that after this transaction the Tapperos received $2,100 credit for rent in advance and $900 cash from appellant. Appellant contends he loaned the money to appellee, taking the mortgage as security, so that appellee could make the $3,000 loan to the Tapperos. To the date of the trial appellee's duplex had not been sold.

Appellant submits four assignments of error for our consideration. The first two assignments deal with the court's denial of appellant's motions to file a counterclaim praying for foreclosure of the mortgage and to amend his pleadings to conform to the evidence.

The record shows that appellant filed his counterclaim ten months after the answer was filed and five days before the trial of the cause. The lower court denied authority to file the counterclaim on the theory that it presented a different and separate issue requiring separate defenses. No reasons were advanced by appellant for his oversight, inadvertence, or neglect in not filing the counterclaim within the time prescribed by law. Appellant contends the counterclaim is a compulsory counterclaim as defined in 21–437, A.C.A. 1939, and should be allowed as a matter of right because the note was in default at the commencement of the action. We do not believe the assignment raises an issue requiring our determination at this time. If error was committed by the trial court it is at most harmless error. Appellant was not prejudiced by the court's denial of his motion. Had the counterclaim been admitted, the court would first have had to determine the allegations of fraud raised in appellee's complaint as was done at the trial of this cause. Error to warrant reversal must be prejudicial and we find no prejudicial error therein. Hagan v. Cowan, 35 Ariz. 334, 278 P. 68. As to appellant's second assignment of error, a search of the record does not reveal a motion to amend the pleadings to conform to the evidence. The assignment therefore will not be considered.

Appellant's remaining assignments of error contend that neither actual nor constructive fraud was established by the evidence and that without fraud being proven the court did not have the authority to cancel the note and mortgage. These assignments will be treated together.

The lower court found that "there was a confidential relationship existing between plaintiff and the defendant and that the defendant did owe a duty to the plaintiff in the handling of her real estate." Although the above-quoted finding is the only finding of fact made by the lower court,

this court must assume that the trial court found, in addition to facts expressly found, additional facts necessary to sustain the judgment, if they are reasonably supported by the evidence and not in conflict with the express findings. Lininger v. Desert Lodge, 63 Ariz. 239, 160 P.2d 761.

Appellee contends that fraud was practiced upon her by the appellant in that she had engaged him as an agent to accomplish the sale of her real estate and he, in breach of the confidential relationship, failed to make a full and frank disclosure of the true facts. It is well settled that a confidential relation exists between a real estate agent and his principal. Haymes v. Rogers, 70 Ariz. 257, 219 P.2d 339, 17 A.L.R.2d 896. The confidential relationship imposed a duty on the appellant to disclose the true facts. A real estate agent owes the utmost good faith and loyalty to his principal. Haymes v. Rogers, supra. Suppression of a material fact which a party is bound in good faith to disclose is equivalent to a false representation. 37 C.J.S., Fraud, § 16, p. 244; Morrison v. Acton, 68 Ariz. 27, 198 P.2d 590.

The appellant in this case had prepared the documents in his office without the direction or even the knowledge of appellee, his principal. Appellant well knew the nature and context of the instruments in question before he presented them to his client. His obligation to communicate these facts to the appellee arises by reason of the confidential relations existing between them. The failure to disclose all facts was false and deceptive and placed him in a position where his silence conveyed a false impression. Although appellee by reading the papers might have ascertained their true nature, her failure to do so under the circumstances may not be interpreted as a condonement of appellant's fraud. The rule is stated in 37 C.J.S., Fraud, § 35, p. 282:

"Ordinarily a confidential relationship need not be shown to justify plaintiff in believing defendant's representation and in relying thereon. However, the general rule requiring the representee to exercise due diligence, * * *, and to avail himself of means of knowledge within reach, * * *, does not apply if a relation of trust or confidence exists between the parties, so that one of them places peculiar reliance in the trustworthiness of the other, and in such cases the latter is under a duty to make a full and truthful disclosure of all material facts and is liable for either misrepresentation or concealment. * * *"

As there is reasonable evidence to sustain the judgment of the lower court, the judgment is affirmed.

Judgment affirmed.

UDALL, C. J., and PHELPS, DE CONCINI, and LA PRADE, JJ., concurring.