James F. HICKEY
v.
UNITED STATES of America.
Civ. A. No. 11920.

United States District Court
E. D. Pennsylvania.
May 16, 1952.

---

4. See also the recent decision by the same Court in Byrnes v. Mutual Life Insurance Company of New York, 9 Cir., 217 F.2d 497.

appraisals regarding their expert opinion as to the valuation of the property in question, which is the subject of condemnation. As has often been pointed out interrogatories serve two purposes, first to ascertain facts and to procure evidence, or to secure information as to where it obtains, and second, to narrow the issues. See Aktiebolaget Vargos v. Clark, D.C., 8 F.R.D. 635; United States ex rel. Tennessee Valley Authority v. Neal, D.C., 45 F.Supp. 382, at page 383.

■ Here no fact is the subject of ascertainment but on the contrary the information here sought is the expert opinion of witnesses trained in the valuation of real estate hired by the defendant to fix a value and presumably to testify for them at the trial of the cause. While it is true that in many civil cases under our federal rules it is requisite for the adversary to help a litigant on the other side of the case in the developing of his side of the case, it always has to do with the facts as observed by witnesses to an occurrence or to a transaction and is not applicable to matters of expert testimony. Lewis v. United Airlines, etc., D.C., 32 F.Supp. 21. In fact where an expert employed by one of the parties to a cause of action has been requested to furnish his expert testimony to another, it is not only his privilege but his duty to refuse compensation from one of the parties where he has already accepted employment from the other and such refusal ought not of itself to result in his being ordered to testify. Boynton v. R. J. Reynolds Tobacco Co., D.C., 36 F.Supp. 593, at page 595. Since August 1, 1951 when the Rules of Civil Procedure were made applicable to condemnation proceedings, rule 81, 28 U.S.C.A., only one case has been found in connection with the construction of the rules as applicable to such condemnation proceedings. This was merely an Order and no cited opinion. United States of America v. Certain Lands in the Counties of Sacramen-

---

James M. Marsh, Samuel D. Goodis, J. Harry LaBrum, Conlen, LaBrum & Beechwood, Philadelphia, Pa., for plaintiffs.

Francis Ballard, Asst. U. S. Atty., W. Wilson White, U. S. Atty., Philadelphia, Pa., Harry T. Dolan, Sp. Asst. to the Atty. Gen., for defendant.

GANEY, District Judge.

■ Defendant's objections to plaintiff's interrogatories in the above matter are sustained.

The matter here sought is the names, addresses and positions of persons and firms from whom the defendant obtained

to and El Dorado, State of California, Marguerite Hoxsie, Josephine Thedormey, Nellis Miller, Agnes Grey, Lyman G. Bender, Mary A. Bender et al., Order No. 6386, dated March 4, 1952. Hereto attached are the Interrogatories requested of the plaintiff, United States of America, as to which the plaintiff's objections were sustained.

IN THE DISTRICT COURT OF THE UNITED STATES IN AND FOR THE NORTHERN DISTRICT OF CALIFORNIA

NORTHERN DISTRICT

UNITED STATES OF AMERICA, Plaintiff

vs.

Certain Lands in the Counties of Sacramento, and El Dorado, State of California, MARGUERITE HOXSIE, JOSEPHINE THEDORMEY, NELLIE MILLER, AGNES GREY, LYMAN G. BENDER, MARY A. BENDER, et al., Defendants

No. 6386

Interrogatories to be Answered by Plaintiff Pursuant to Rule 33

Defendants Lyman G. Bender and Mary A. Bender submit herewith questions to be answered by an officer or agent of plaintiff in accordance with Rule 33 of the Federal Rules of Civil Procedure, 28 U.S.C.A. Pursuant to said rules the questions are to be answered separately, and in writing, under oath, and in so answering such information shall be furnished as is available to plaintiff.

The questions are as follows, to wit:

1. What person or persons have appraised Tract No. 35 (the Bender property) for plaintiff?

2. Give the following information with respect to the appraisals of each of the persons who have appraised said property for plaintiff:

(a) What was the appraised value of said property and the improvements thereon as determined by such appraisers?

(b) What was the appraised value of the improvements alone as determined by said appraisers?

(c) What was considered by the appraisers as being the highest and best use of the property in making their appraisals?

(d) What values per acre were used in arriving at the appraisal figure in each instance?

(e) What amount, if any, was allowed for severance damages in the appraisals above referred to?

(f) If only a portion of the property was appraised by some or all of the appraisers, state the portion appraised and the valuation given in each instance?

(g) As of what date were the values fixed in each instance?

Interrogatories 3 and 4 were withdrawn.