**UNITED STATES of America,
Plaintiff,**

v.

**6.82 ACRES OF LAND, MORE OR LESS, in BERNALILLO COUNTY, NEW MEXICO; Albert Appledorf et al., Defendants.**

**Civ. A. No. 2673.**

United States District Court
D. New Mexico.

Aug. 19, 1955.

196

Paul Larrazolo, U. S. Atty., Joseph R. McNeany, Asst. U. S. Atty., Albuquerque, N. M., for plaintiff.

Keleher & McLeod by A. H. Keleher, Albuquerque, N. M., for defendants.

ROGERS, District Judge.

This is a condemnation proceeding by the United States under Declaration of Taking procedures, to acquire certain city lots in fee for use as a clear zone approach to a Kirtland Air Base runway, and for an easement for passage of aircraft over certain other lots. Three of the numerous defendants seek to take the depositions of two government employees, namely, the Chief of the District Real Estate Division and his Chief Appraiser, both acting under the instructions of the United States Corps of Engineers and the Department of the Air Force. In preparation for the taking of such depositions, defendants caused to be issued and served, a *subpoena duces tecum* upon each of the prospective deponents, to procure the production of all books, records and papers in the possession of the United States, pertaining to certain of the tracts of land owned by defendants.

The matter comes before the Court upon plaintiff's Motion to Quash the Subpoena Duces Tecum on the grounds (1) that the documents sought contain investigative reports prepared by plaintiff's experts at considerable expense; (2) that the disclosure, in advance of trial, of opinions, findings and research studies by plaintiff's experts, would be prejudicial to the character and quality of the testimony of such experts at the time of trial; (3) that the physical data and public records from which the documents sought were compiled, are equally available and accessible to the defendants as to the plaintiff; (4) that defendants, in obtaining the issuance of *subpoena duces tecum* under Rule 45 of the Federal Rules of Civil Procedure, 28 U.S.C.A., have neglected to observe the requirements of Rule 34, by failing to show the prerequisite "good cause" therefor.

Defendants argue that the appraisal figures and reports of plaintiff's various expert appraisers, together with the method of evaluating the various factors of value in arriving at such appraisals, should be disclosed to defendants by way of deposition, so that defendants can prepare their defense and evaluate their own position. Defendants do not contend that physical data respecting the property condemned is within the peculiar knowledge of plaintiff, nor that such physical data regarding the properties has been made inaccessible by plaintiff; defendants concede that the properties and the public records as to title and sale transactions are equally available and accessible to inspection by both defendants and plaintiff. Defendants cite no authorities.

Plaintiff makes no objection to the disclosure of facts as to physical data acquired by its employees regarding the

properties, namely the dimensions of the land or building, the kind of construction of buildings, the height at which the easement sought would cross certain properties, the factors of surrounding locality considered in reaching its appraisal figures, but plaintiff objects to disclosure, by documents or depositions, of the opinions, mental processes, weight given to various factors of valuation, and appraisal figures of its expert appraisers, and objects to the disclosure of the names and addresses of such expert appraisers who are expected to testify at the trial on the merits.

Plaintiff cites in support of its above contentions Lewis v. United Air Lines Transport Corp., D.C., 32 F.Supp. 21; Cold Metal Process Co. v. Aluminum Co., D.C., 7 F.R.D. 684; Hickey v. United States, D.C., 18 F.R.D. 88; United States v. Certain Parcels of Land, D.C., 15 F.R.D. 224.

Plaintiff further urges that the requirements of Rule 34 for a prerequisite showing of "good cause" by defendants, is controlling over the permissive provisions of Rule 45 for issue of *subpoena duces tecum* upon request of a party, and cites Sagorsky v. Malyon, D.C.N.Y., 12 F.R.D. 486; North v. Lehigh Valley Transit Co., D.C.Pa., 10 F.R.D. 38; and 5 Moore's Federal Practice, Second Edition, 45.07 p. 1730; 45.05(2) pp. 1722–1723.

■ The cases last above cited are in point, and are controlling here to sustain plaintiff's contention that "good cause" must be shown prior to production of documents and records sought by *subpoena duces tecum*. Whether such "good cause" need be shown before issuance of such subpoena under Rule 45, will be determined by the peculiar circumstances of each case, and need not now be determined, since plaintiff has timely raised such issue by its motion under Rule 45 (b).

■■ Presented with the opportunity upon the hearing of plaintiff's motion to quash, the defendant has failed to show good cause to warrant production of expert opinion testimony and documents in advance of trial so far as the mental processes by which experts evaluate the various factors involved in arriving at their own opinions and appraisal figures. Particularly is this applicable in condemnation actions where the physical factors contributing value to property are open alike to observation and examination by opposing parties, but the respective weight to be given each such factor is a matter peculiar to the opinion of trained experts. Such expert opinions are subject to protection from cross-examination, impeachment and contradiction until, upon the trial on the merits, the trier of fact can alone evaluate the qualifications and credibility of such expert witness. In Lewis v. United Air Lines Transport Corp., supra [32 F. Supp. 23], the court stated:

"To permit parties to examine the expert witnesses of the other party in land condemnation and patent actions, where the evidence nearly all comes from expert witnesses, would cause confusion and probably would violate that provision of Rule 1 which provides that the rules 'shall be construed to secure the just, speedy, and inexpensive determination of every action.' "

Accordingly, I find that all the facts in connection with defendants' real property bearing upon market value are as obvious to one side as to the other, and that the names and addresses of plaintiff's expert appraisers, together with the methods and mental processes of such expert appraisers, and the amounts of valuation they may place on such tracts of land, are matters which plaintiff should not be required to disclose prior to trial on the merits. An order will be entered quashing the *subpoena duces tecum* and limiting the scope of examination upon the taking of the deposition in accord with this opinion.