TERRITORY OF ALASKA, Plaintiff,

v.

THE ARCTIC MAID and Arctic Maid Fisheries, Inc., Defendants.

No. 7093-A.

District Court, Alaska
First Division, Juneau.
Oct. 27, 1955.

Edward A. Merdes, Asst. Atty. Gen., for plaintiff.

John H. Dimond, Juneau, for defendants.

HODGE, District Judge.

Plaintiff in this action seeks to recover from the defendants amounts claimed owing for taxes due the Territory under the provisions of Chapter 97, S.L.A.1949, as amended by Chapter 116, S.L.A.1951, imposing a license tax on freezer ships and other floating cold storages. Defendants, by their answer, have set up several affirmative defenses challenging the validity of the tax as in violation of the Organic Act of Alaska and the Constitution of the United States.

Plaintiff propounded to the defendants certain interrogatories, among which is the following, denominated as No. 5:

"No. 5. Indicate by specific factual situations connected with any or all of your operations in waters north of Dixon Entrance between 1949 through 1954, how the tax imposed by Chapter 97 SLA 1949 as amended:

"(a) abridges, impairs, and/or denies your right to take or preserve fish in waters in which fishing is permitted by the Secretary of the Interior,

"(b) imposes an undue burden and/or discriminates against freezer ship operators and their operations in interstate commerce,

"(c) unreasonably discriminates against, and arbitrarily classifies, freezer ships in favor of shore bound cold storages,

"(d) constitutes an attempted taking of your property and a denial of your right to fish and preserve fish."

Defendants have objected to such interrogatory upon the grounds that there is no authority or basis for such a "demand" in the Federal Rules of Civil Procedure, 28 U.S.C.A.; that the interrogatory calls for legal conclusions or contentions of counsel for defendants; and that if the interrogatory is interpreted to require the submission of all evidence and data which defendants intend to produce at the trial, it is unduly burdensome and oppressive.

The interrogatories were propounded pursuant to Rule 33 F.R.C.P. relating to depositions and discovery, which provides that interrogatories may relate to any matters which can be inquired into under Rule 26(b). The scope of the examination as defined by Rule 26(b) is that a party

"may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party * * *."

The first two objections will be considered together. Counsel for defendants contend that although the interrogatory calls for "specific factual situations" it in effect calls instead for conclusions or contentions which are not the proper subject of inquiry upon discovery proceedings.

It is held in a number of decisions of the District Courts that interrogatories are improper which call for only opinions, conclusions, or contentions, as it is the "ascertainment of facts" that is the object of discovery proceedings. Moore's Fed. Practice, Vol. 4, Sec. 33.17, pp. 2303 et seq.; Coca-Cola Co. v. Dixi-Cola Labs., D.C., 30 F.Supp. 275; Cinema Amusements, Inc. v. Loew's, Inc., D.C., 7 F.R. D. 318; American & Foreign Ins. Co. v. Richard Gibson & Sons, D.C., 1 F.R.D. 501; Babcock & Wilson Co. v. North Carolina Pulp Co., D.C., 25 F.Supp. 596; Doucette v. Howe, D.C., 1 F.R.D. 18; Landry v. O'Hara Vessels, Inc., D.C., 29 F.Supp. 423. However, there are deci-

sions to the contrary, holding that the fact that interrogatories "to a degree" call for an expression of judgment or opinion does not condemn them for the basic purpose of deposition-discovery procedure, that is, obtaining relevant information and narrowing the issues; that a party may be required to state what he intends to urge or will urge at the trial; that the purpose of interrogatories is to enable the proposing party to prepare for trial and that the opposing party is entitled to be informed as to what he will have to meet; that in passing upon objections to interrogatories the question should not be, as an abstract or theoretical matter, whether the interrogatory calls for an expression of opinion or contention, but whether the answer thereto would serve any substantial purpose as intended by the discovery procedure; and that there is a valid distinction between requiring a party to give an opinion and requiring him to point out in particular to what defect or act a claim or defense is directed. Moore's Fed. Practice, supra; Gagen v. Northam Warren Corp., D.C., 15 F.R.D. 44; Chenault v. Nebraska Farm Products, Inc., D.C., 9 F.R.D. 529; United States v. General Motors Corp., D.C., 2 F.R.D. 528; Taylor v. Sound Steamship Lines, D.C., 100 F.Supp. 388; Interborough News Co. v. Curtis Publishing Co., D.C., 14 F.R.D. 408; Forsythe v. Baltimore & O. R. Co., D.C., 15 F.R.D. 191; 2 Barron & Holtzoff, Fed. Prac. & Proc., Sec. 768, p. 442.

 Viewing these apparently contradictory propositions, I am inclined to the view taken by Prof. Moore that the correct approach to the problem requires the discarding of any dogmatic ideas that matters of opinion or contentions may never be called for by interrogatory, and that there is nothing in the language of the Rules to require such a holding. Rule 26(b) merely limits the inquiry to "any matter" relevant to the subject of the action. Moreover, as stated by Prof. Moore, in passing upon such objections the real test should be whether an answer to the interrogatory would serve any sub-

stantial purpose, either in leading to evidence or in narrowing the issues. This view appears even more logical as to contentions of the parties, as distinguished from opinions. Liberal use of interrogatories for the purpose of clarifying the issues raised by the pleadings should be permitted and encouraged, especially by reason of the brevity allowed a plaintiff in stating his claim, under the Rules.

 In support of this view we find the object and purpose of such deposition-discovery process as a "vital role" in the preparation for trial to be defined by the Supreme Court of the United States in the case of Hickman v. Taylor, 329 U.S. 495, at page 501, 67 S.Ct. 385, at page 388, 91 L.Ed. 451, as follows:

"The various instruments of discovery now serve (1) as a device, along with the pre-trial hearing under Rule 16, to narrow and clarify the basic issues between the parties, and (2) as a device for ascertaining the facts, or information as to the existence or whereabouts of facts, relative to those issues. Thus civil trials in the federal courts no longer need be carried on in the dark. The way is now clear, consistent with recognized privileges, for the parties to obtain the fullest possible knowledge of the issues and facts before trial."

I find that the answers to the interrogatory would, in fact, limit the subjects of controversy, or narrow and clarify the basic issues between the parties; and would relate to issues as well as facts to be submitted at the trial. Therefore the objections noted must be overruled.

 Turning, then, to the third objection, it is held generally that a party in answering interrogatories must furnish information which is in his possession and can be given without undue labor and expense. It is true that a party cannot be forced to prepare his opponent's case nor to make investigations for his adversary. But the objection that preparing an answer would be an undue burden is not available where

the information can reasonably be furnished. 2 Barron & Holtzoff, Sec. 768, pp. 442–444. The interrogatory does not require the submission of all evidence and data which defendants intend to produce and is not unduly burdensome and oppressive. This objection is likewise overruled.

Defendants are required to answer the interrogatory within ten days after the rendering of this opinion.