370 P.2d 273

STATE of Arizona ex rel. William E.
WILLEY, State Highway
Engineer, Appellant,

v.

Emma B. WHITMAN, widow of Le Roy Whit-
man, deceased; the known and unknown
heirs of Le Roy Whitman, deceased, Ap-
pellees.

No. 7152.

Supreme Court of Arizona,

In Division.

March 28, 1962.

Robert W. Pickrell, Atty. Gen., John T. Amey, Asst. Atty. Gen., Wade Church, former Atty. Gen., Lawrence P. D'Antonio, Sp. Asst. Atty. Gen., Jay Dushoff, Asst. Atty. Gen., Phoenix, for appellant.

Dunseath, Stubbs, Morse & Burch, Tucson, for appellees.

PORTER MURRY, Judge.

The State of Arizona on November 4, 1959, commenced an action in the Superior Court of Pima County against Emma. B.

Whitman, widow of Le Roy Whitman, and the known and unknown heirs of deceased. The action was brought to condemn for highway purposes a portion of a tract of land owned by defendants. On April 7, 1960, the State submitted a set of twelve interrogatories under Rule 33 of the Arizona Rules of Civil Procedure, 16 A.R.S., to be answered by defendants. Defendants objected to the interrogatories on the ground that they sought the work product of their attorney and the objection was sustained by the court.

A jury trial followed and on June 7, 1960, judgment was entered by the court in accordance with the jury's verdict. The sum of $14,000 plus 6 per cent interest was to be paid defendants in return for which title to the parcel of land in question was to vest in the State. The State appealed from the judgment, assigning as the sole error the order of the trial court sustaining defendants' objections to the interrogatories. The State contends that all of the information it sought was subject to pre-trial discovery under Rules 33 and 26(b) of the Rules of Civil Procedure.

It will not be necessary to determine the correctness of the lower court's ruling as to each of the twelve interrogatories. The plaintiff and defendants have treated them in groups. The first group, comprising interrogatories 1 through 6, will be considered under "Proposition of Law I" as labeled by the State, which raises this question: Are facts gathered by an adverse party's prospective expert witness, and his opinion based thereon, subject to pre-trial discovery pursuant to the Rules of Civil Procedure?

The State concedes that there are many cases supporting appellees' position that facts and opinions of an adverse party's expert witness are not subject to pre-trial discovery.[1] Most of these cases are based, in part at least, on the reasoning laid down in the cases of Boynton v. R. J. Reynolds Tobacco Co., D.C., 36 F.Supp. 593; and Lewis v. United Airlines Transportation Corp., D.C., 32 F.Supp. 21. The Lewis case answers the question above posed in the negative by saying:

"To permit a party by deposition to examine an expert of the opposite party before trial, to whom the latter has obligated himself to pay a considerable sum of money, would be equivalent to taking another's property without making any compensation therefor. To permit parties to examine the expert

1. United States v. Certain Acres of Land, Etc., D.C., 18 F.R.D. 98; United States v. 7,534.04 Acres of Land, D.C., 18 F.R.D. 146; United States v. 6.82 Acres of Land, D.C., 18 F.R.D. 195; Hickey v. United States, D.C., 18 F.R.D. 88; United States v. Certain Parcels of Land, Etc., D.C., 15 F.R.D. 224; State Road Department v. Shell, 122 So.2d 215 (Fla. App.1960); Brink v. Multnomah County, 224 Or. 507, 356 P.2d 536.

witnesses of the other party in land condemnation and patent actions, where the evidence nearly all comes from expert witnesses, would cause confusion and probably would violate that provision of Rule 1 which provides that the rules 'shall be construed to secure the just, speedy, and inexpensive determination of every action.'" 32 F.Supp. 21, 23.

■ While the Boynton case supports appellees' position, the court indicated that the expert should be or may be compelled to express his opinion without being tendered an expert fee.

"Although there are authorities which seem to indicate that the court has no power to compel an expert witness to express an opinion already formed, it seems to me the better rule, and the one sustained by the weight of authority, that while the court has no power to compel the witness to educate himself, the court does have the power to compel him to state an opinion already formed." 36 F.Supp. 593, 594.

The Lewis and the Boynton cases were decided in 1940 and 1941 respectively, soon after the so-called "New Federal Rules of Civil Procedure" were adopted, and where condemnation cases are concerned the opinions are mere dicta for the Rules were not made applicable to condemnation proceedings until August 1, 1951, under Federal Rules of Civil Procedure 71A and 81, 28 U.S.C.A. Hickey v. United States, D. C., 18 F.R.D. 88.

In Cold Metal Process Co. v. Aluminum Co. of America, 7 F.R.D. 425, the district court held that the expert witness could be deposed, saying: "The witness must either show that the testimony sought is privileged or he must answer the questions." To the contention of plaintiff that questions came within the protection of "work product of the lawyers" the court said that "where 'necessity' or 'justification' are shown, 'discovery may properly be had.'" The court seemed to say that if a case were being tried and the moving party had the right to call the witness and ask him the like questions then they could be asked at the taking of a deposition. The court quoted Justice Jackson in Hickman v. Taylor, 329 U.S. 495, 67 S.Ct. 385, 91 L.Ed. 451, wherein he said: "It seems clear and long has been recognized that discovery should provide a party access to anything that is evidence in his case."

The Sixth Circuit in Sachs v. Aluminum Co. of America, 167 F.2d 570 (6th Cir. 1948) affirmed Cold Metal Process Co. v. Aluminum Co. of America, supra, and said: "The primary concern of courts of justice is to elicit truth essential to correct adjudication." This case was specifically followed in Leding v. United States Rubber Co., D.C., 23 F.R.D. 220.

In Rowe Spacarb, Inc. v. Cole Products Corp., D.C., 21 F.R.D. 311, objections to interrogatories were made on the ground that they called for information within the knowledge of the plaintiff. The expert testimony and opinions sought information equally available to plaintiff. The court held that where the interrogatories: a) imposed no undue burden on the defendant, and b) will clearly serve one of the basic purposes of pre-trial discovery procedure to wit: narrow the issues, limit the subject of controversy at the trial, or avoid unnecessary testimony and time in preparation, then they should be answered.

■■ In Broadway and Ninety-Sixth Street Realty Co. v. Loew's Inc., D.C., 21 F.R.D. 347, plaintiff objected to questions in a deposition on the ground that they called for an opinion or conclusion. The court held however that: "This is not in accord with what seems to be the more enlightened view." The case of E. I. Du Pont De Nemours and Co. v. Phillips Petroleum Co., D.C., 24 F.R.D. 416, seems to be particularly applicable to our case, for although not concerned with condemnation, the testimony of expert witnesses is essential in both cases. Therein the court said:

"* * * this case is an unusual one in that the adequacy of the procedures used by experts, or available to them, to determine the chemical properties of a product such as that claimed, comes very close to being an ultimate fact and a major issue in the case. * * * Looked at from a practical rather than a legalistic point of view, the facts of a case like this are the opinions of experts and the groundwork for those opinions comes within the ambit of a proper search for facts beyond the knowledge of the moving party." 24 F.R.D. 416, 421.

The court in the case of Territory of Alaska v. The Arctic Maid, 135 F.Supp. 164, 15 Alaska 667, said:

"* * * that in passing upon objections to interrogatories the question should not be, as an abstract or theoretical matter, whether the interrogatory calls for an expression of an opinion or contention, but whether the answer thereto would serve any substantial purpose as intended by the discovery procedure * * *." 135 F.Supp. 164, 166.

It appears that the test is whether an answer to the interrogatories would serve any substantial purpose, either in leading to evidence or narrowing the issues. Generally at least where the statute makes no distinction between experts and other witnesses, the deposition of an expert may be taken under the same circumstances as any other witness. 26A C.J.S. Depositions § 8, p. 296.

■ The objection interposed herein by defendants was made solely upon the ground that the State was delving into the work product of their attorney. This "work product" privilege developed in the federal courts under the pre-trial discovery rules and had its start in the landmark case of Hickman v. Taylor, supra. This case expressed the general policy that the discovery rules are to be liberally construed but must not go so far as to invade the privacy of an attorney in his preparation for trial. We then, in Dean v. Superior Court, 84 Ariz. 104, 324 P.2d 764, 73 A.L.R. 2d 1, adopted this policy.

■ As has been noted, the interrogatories were submitted by the State under Rule 33 which in part states: "Interrogatories may relate to any matter which can be inquired into under Rule 26(b) * * *." Rule 26(b) states: " * * * the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action * * *." We fail to see any distinction in the above rules between facts and opinions. In the case of Dean v. Superior Court, supra, in a question arising under Rule 34 we expressed the philosophy of the rules saying:

"Petitioner urges that statements of witnesses obtained by the attorney in anticipation of litigation or in preparation for trial are the work product of the attorney and are immune from discovery. We do not agree with this contention. We are of the opinion that a liberal construction of Rule 34 requires all statements of witnesses, whether obtained by the attorney or any other person, be produced for inspection and copy upon a showing of good cause as hereinafter defined." 84 Ariz. 104, 110, 324 P.2d 764, 768.

As said in 4 Moore, Federal Practice § 26.24:

"The Supreme Court decision in Hickman v. Taylor makes it difficult to sustain the argument that opinions of an expert procured by counsel, are within the attorney-client privilege * * *. It is clear that the party engaging the expert has no vested right to keep in secret any relevant facts. The decision in Hickman v. Taylor makes it plain that 'mutual knowledge of all of the relevant facts gathered by both parties is essential to proper litigation.' "

■ We note that the first interrogatory requested the full names and present addresses of all individuals who have appraised or who have been employed to appraise the defendants' property. As so stated the interrogatory is too broad because it includes not merely witnesses proposed to be used at the trial but any other person who might have been consulted but

whose testimony is not intended to be used. With this limitation the court below should have denied the objections to the first 6 interrogatories.

■ The next question concerns interrogatories number 7 and 8 wherein the State attempted to discover whether defendants had prepared any demonstrative evidence in the form of exhibits, and if so who had prepared them and what they purported to show. The State was not asking for the production of the documents under Rule 34 which requires the movant to show good cause, but was proceeding under Rules 33 and 26(b). The latter states:

"* * * the deponent may be examined regarding any matter, not privileged, which is relevant to the subject matter involved in the pending action, whether it relates to the claim or defense of the examining party or to the claim or defense of any other party, including the existence, description, nature, custody, condition and location of any books, documents, or other tangible things and the identity and location of persons having knowledge of relevant facts."

In Dean v. Superior Court, supra, we said:

"Where the movant is unable to specifically designate the matters sought we think the Rules provide a method for the movant to obtain the necessary information, as stated in Barron and Holtzoff Federal Practice and Procedure, Vol. 2, p. 518:

" 'If movant does not have sufficient information to designate or describe documents desired or to allege that they are in the control of an adversary, he may take depositions under Rule 26 or proceed by interrogatories under Rule 33 to acquire the necessary information as to the existence, description, custody and location of such documents in order that he can properly designate them. * * *' " 84 Ariz. 104, 109, 324 P.2d 764, 767.

Therefore since defendants base their objections to interrogatories number 7 and 8 on the cases already discussed and rejected by this Court, we hold that they should have been answered and that the court was in error in sustaining them.

■ State's interrogatory number 9 sought to discover the names and addresses of the witnesses appellees intended to call at the trial. The cases holding such information to be discoverable under the rules of civil procedure are many,[2] and since

2. Kingsway Press v. Farrell Pub. Corp., D.C., 30 F.Supp. 775; Evtush v. Hudson Bus Transp. Co., 7 N.J. 167, 81 A.2d 6,

27 A.L.R.2d 731; Sather v. Lindahl, 43 Wash.2d 463, 261 P.2d 682.

defendants again rely only on those cases already disposed of, we hold that interrogatory number 9 should have been answered.

The final question concerns interrogatories number 10, 11, and 12 wherein the State attempted to discover whether appellees had received any offers from third persons to purchase the property and if they had, who made such offers and in what amounts. In State v. McDonald, 88 Ariz. 1, 352 P.2d 343 we suggested that under certain conditions a bona fide offer to purchase would be admissible to show the market value of property in a condemnation proceeding. Therefore, since defendants object to interrogatories number 10, 11, and 12 solely on the ground that the offers would be opinion evidence, and since we have already considered the question of opinion evidence, we hold that the interrogatories should have been answered.

We have thus considered the interrogatories and have determined that the lower court was in error when it sustained the defendants' objections to them. However, a search of the record does not reveal that the error was prejudicial and so warrant a reversal. In order to justify the reversal of a case, there must not only be error, but it must be prejudicial to the substantial rights of appellant. Leigh v. Loyd, 74 Ariz. 84, 244 P.2d 356; Hagan v. Cowan, 35 Ariz. 334, 278 P. 68. It will not be presumed that an error is prejudicial so as to require reversal, but the prejudice must appear from the record, Webb v. Hardin, 53 Ariz. 310, 89 P.2d 30; Schmerfeld v. Hendry, 74 Ariz. 159, 245 P.2d 420; Sanders v. Beckwith, 79 Ariz. 67, 283 P.2d 235. Here such prejudice does not appear.

The State is not claiming that the verdict rendered was unreasonable. No objections were raised by the State prior to the testimony of any witness, based either on the ruling of the lower court on the interrogatories or on surprise. Nothing appears in the record to indicate that a different result would be reached should the case be tried again. We hold that although error was committed, it was not prejudicial.

The judgment of the lower court is affirmed.

STRUCKMEYER and JENNINGS, JJ., concurring.