489 P.2d 1209

James B. JEFFRIES, Appellant,

v.

FIRST FEDERAL SAVINGS AND LOAN
ASSOCIATION OF PHOENIX, a
corporation, Appellee.

No. 1 CA–CIV 1317.

Court of Appeals of Arizona,
Division 1,
Department A.

Oct. 27. 1971.

---

Philip T. Goldstein, Ltd. by Philip T. Goldstein, Phoenix, for appellant.

Jennings, Strouss & Salmon by Timothy W. Barton, and Michael L. Rubin, Phoenix, for appellee.

CASE, Judge.

This is an appeal from a judgment of the trial court, sitting without a jury, in favor of appellee First Federal Savings and Loan Association, defendant therein. The parties will be referred to herein as they appeared in the trial court.

The facts necessary for a determination of the issues on appeal are as follows:

In June of 1967, plaintiff Jeffries went to a branch office of defendant in Phoenix for the purpose of purchasing savings certificates. He talked to Joseph Rice, the branch manager, and told him that he desired to purchase five $15,000.00 certificates. He gave Rice five cashier's checks totaling $70,100.00. He claimed to have also given Rice $4,900.00 cash which Rice denied. These certificates were printed and contained certain blank spaces for insertion of the name of the owner, the face amount, the date of maturity and the date of issuance. After completing these certificates, each in the face amount of $15,-000.00, Rice signed each one and delivered them to the plaintiff who left the office. The plaintiff had advised Rice that he was not to be contacted by First Federal in con-nection with these certificates; that First Federal was to treat this account as a "no correspondence" account; that First Federal was to use its office address as plaintiff's mailing address; and that it was to retain all dividends and hold all tax notices in connection with the certificates.

Shortly after the plaintiff had departed, Rice determined that a mistake had occur-red in the preparation of one of the cer-tificates in that he had issued a $15,000.00 certificate but had received only $10,100.-00. The evidence indicates that no one at First Federal attempted to contact plain-tiff to explain the mistake.

Approximately a year later, plaintiff re-turned to the office for the purpose of col-lecting the interest which had accumulated on the certificates. Upon ascertaining that he was being paid a lower rate of interest on one of the five certificates, he inquired of the then manager as to the reason. The manager was apparently unable to explain the discrepancy. Plaintiff then left the office, returning several days later and pre-sented the certificates for payment. The defendant accepted four certificates but re-fused to honor the fifth one, advising the plaintiff that a mistake had been made in the preparation of one of the certificates. Plaintiff thereafter instituted the present action praying for judgment against First Federal in the sum of $15,000.00, together with interest at the rate of five and one-quarter percent until paid. The trial court entered judgment against First Federal for only the sum of $10,100.00, together with interest, from which judgment plaintiff has taken this appeal.

Plaintiff raises eight issues which we will discuss in the order presented.

■ 1. Does an Answer which Pleads Partial Failure of Consideration Require a Verification Pursuant to Rule 9(i), Arizona Rules of Civil Procedure?

Plaintiff's unverified complaint alleged in part:

"That on or about June 28, 1967, defend-ant, in consideration of the sum of Fif-

teen Thousand Dollars ($15,000.00) then paid to defendant by plaintiff, issued a certificate known as a Savings Certificate, a copy of which is attached hereto marked Exhibit 'A' and made a part hereof, of defendant, whereby defendant agreed to pay said amount of Fifteen Thousand Dollars ($15,000.00) on or before December 28, 1967, or thereafter, on the return of said certificate, properly delivered and presented to defendant, with interest on the principal amount at the rate of five and one-quarter percent (5¼%) per annum."

to which allegation defendant answered:

"Defendant denies the allegations contained in paragraph III of plaintiff's complaint; defendant affirmatively alleges that the savings certificate upon which plaintiff bases his claim was issued on or about the 28th day of July, 1967 to the plaintiff upon the payment to this defendant of the sum of $10,100.00; that said savings certificate was issued in the amount of $15,000.00 by mistake and as to any excess above the consideration paid for the same, to-wit, the sum of $4,900.00, it is without consideration."

The answer was not verified. Plaintiff argues that Rule 9(i) of the Arizona Rules of Civil Procedure, 16 A.R.S. requires the verification of defendant's answer and that as a consequence the trial court should have granted plaintiff's motion to strike and/or motion for judgment on the pleadings. While we do not condone the failure to comply with our rules of civil procedure we do not agree with plaintiff's argument. As our Supreme Court pointed out in the case of Colboch v. Aviation Credit Corporation, 64 Ariz. 88, 94, 166 P.2d 584, 588 (1946):

"Causes should be determined on their merits rather than upon matters of procedure. Mendez v. Moya, 54 Ariz. 44, 91 P.2d 870. The rules are designed to afford parties speedy trials upon the merits, and should not be construed to deprive parties from presenting their defenses."

The record reflects that on October 18, 1968, defendant answered certain interrogatories, under oath, dealing with the consideration or lack thereof, for the issuance of the savings certificate in question herein. On August 27, 1969, plaintiff filed his motion to strike and/or motion for judgment on the pleadings which was denied. The pretrial statement of August 29, 1969, stated that the contested issue of fact was:

"Whether the plaintiff paid to the defendant in connection with the issuance of savings certificate No. 17–15462 (Account No. 17–8–458) the sum of $15,000.-00 or the sum of $10,100.00."

We believe that the purpose of the rule was amply satisfied by defendant and that plaintiff suffered no prejudice by defendant's failure to verify its answer.

2. A. Does an Answer Affirmatively Pleading Mistake Have to be Verified Pursuant to Rule 11(c) of the Arizona Rules of Civil Procedure?

B. May Evidence be Properly Introduced Over Objection When an Answer Fails to Affirmatively Plead Mistake with Particularity?

■ Plaintiff next urges that defendant's answer which plead "mistake" should have been verified pursuant to Rule 11(c), Ariz.R.Civ.P., and lacking this verification, the trial court erred in permitting the introduction of parol evidence to show mistake. We do not agree. Rule 11(c) of the Arizona Rules of Civil Procedure provides as follows:

"When equitable relief is demanded, and the party demanding such relief makes oath that the allegations of the complaint, counterclaim, cross-claim, or third-party claim are true in substance and in fact, the responsive pleading of the opposite party shall be under oath * * *."

The meaning of the rule is patently clear. The complaint filed by plaintiff herein does not seek equitable relief nor was it verified.

■ With reference to plaintiff's contention regarding the admission of parol evidence to establish "mistake", the record

reflects that shortly after the filing of defendant's answer, it answered certain interrogatories submitted by plaintiff requesting that it state each evidentiary fact upon which it relied to support its allegation that the savings certificate was mistakingly issued in the amount of $15,000.00. This was done by defendant in some detail. It is quite apparent that surprise could not be claimed by plaintiff in connection with the facts upon which defendant based its defense of mistake.

3. Did the Trial Court have Sufficient Evidence Before it to Reform the Savings Certificate on the Ground of Mutual or Unilateral Mistake on the Part of Defendant and Fraud or Inequitable Conduct on the Part of Defendant?

■ There is no question but that the law in Arizona, with reference to reformation, provides that where a mistake is relied upon as a ground for the reformation of a written instrument, the mistake must be mutual or if it is a unilateral mistake of one of the parties, the other party must be guilty of fraud, inequitable conduct or imposition. Korrick v. Tuller, 42 Ariz. 493, 27 P.2d 529 (1933).

Defendant's answer alleged in part:

" * * * that said savings certificate was issued in the amount of $15,000.00 by mistake * * *"

Plaintiff argues that defendant, having never claimed that plaintiff was guilty of fraud or inequitable conduct, based its entire case for reformation upon mutual mistake when there was no evidence in support thereof. We do not agree.

■ The trial court found in paragraph 3 of its Conclusions of Law:

"The evidence presented by the defendant established that the typewritten portion of Savings Certificate No. 17–15462 (Savings Account No. 17–8–458), which states 'FIFTEEN THOUSAND AND NO/100THS DOLLARS' was the result of an error on the part of the person who prepared the savings certificate."

Obviously, the court did not specifically find mutual mistake. However, it did reform the certificate to read $10,100.00. Our Supreme Court has held that in the absence of a finding of fact upon a vital issue on appeal it will presume that such findings were made by the trial court as are necessary to support its judgment if there is evidence in the record to sustain such presumed findings. Leigh v. Loyd, 74 Ariz. 84, 244 P.2d 356 (1952) ; King Realty, Inc. v. Grantwood Cemeteries, Inc., 4 Ariz.App. 76, 417 P.2d 710 (1966). An examination of the evidence in this case clearly indicates that there was more than ample evidence before the court to sustain an implied finding of mutual mistake. We do not deem it necessary that this evidence be set forth in toto. Suffice it to say that the evidence discloses that defendant received only $10,-100.00 for the certificate.

4. Does Laches Preclude the Granting of Equitable Relief?

■ Plaintiff next argues that since defendant did not act with reasonable diligence and promptness in advising plaintiff of the mistake in connection with the preparation of the savings certificate that it is therefore barred in seeking reformation, urging that this delay somehow prejudiced plaintiff in proving that he had paid the additional sum of $4,900.00. Again, we do not agree. Our Supreme Court in the case of Felix v. Superior Court of Pima County, 92 Ariz. 247, 375 P.2d 730 (1962), has stated that laches is not merely a question of the passage of time but also involves an intervening change of position of one of the parties which would render it inequitable to grant relief to the other party. Plaintiff has shown no intervening change of position. It is also interesting to note that plaintiff left explicit instructions with First Federal that he was not to be contacted by them for any reason in connection with these certificates.

5. A. Is a Savings Certificate, Like a Certificate of Deposit, an Instrument in Writing Evidencing a Transaction Between a Purchaser and a

Financial Institution and Therefore Subject to the Same Principles of Law as Applicable to Other Written Instruments?

B. Does the Parol Evidence Rule Bar the Admission of Evidence in Explanation of an Instrument Clear on its Face or is Such Evidence Proper Which Shows or Tends to Show that a Mistake Occurred in the Preparation of a Savings Certificate?

Plaintiff and defendant concur that a depositor in a federal association is not a creditor of the association as is the depositor in a bank and that a savings certificate is nothing more than a certificate evidencing ownership of a share interest. 12 C.F.R. § 545.2(b) (Rev.1971). Plaintiff, however, urges that by virtue of the contractual nature of the relationship between a corporation and its stockholders that the savings certificate in issue herein is the complete contract between the parties and that as a result it must be construed under the same rules of law applicable to all written contracts. We do not agree. Our Supreme Court in the case of Hook v. Hoffman, 16 Ariz. 540, 147 P. 722 (1915), held that a stock certificate is not the stock itself but is simply written evidence of the ownership of stock. In the case at bar, the evidence established that plaintiff owned a share interest in defendant to the extent of only $10,100.00 and that inasmuch as the certificate is not binding relative to the interest of the stockholder, parol evidence is obviously admissable to explain or to set forth the actual interest owned by plaintiff. The certificate itself provides upon its face that it is subject to the charter and by-laws of defendant, the rules and regulations of the Federal Savings and Loan System and the laws of the United States. Plaintiff attempts to compare a savings certificate to a certificate of deposit. Inasmuch as a certificate of deposit gives rise to a debtor-creditor relationship, there can be no analogy.

The judgment of the trial court is affirmed.

STEVENS, P. J., and DONOFRIO, J., concur.