NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Matter of:

STACEY LEIGH COATS, *Petitioner/Appellee*,

*v.*

CHRISTOPHER MARCUS COATS, *Respondent/Appellant*.

No. 1 CA-CV 14-0614 FC

FILED 6-2-2015

Appeal from the Superior Court in Maricopa County
No. FC2013-052937
The Honorable Jay M. Polk, Judge

**AFFIRMED**

COUNSEL

Cohen Family Law PLLC, Phoenix
By Mitchell E. Cohen
*Counsel for Petitioner/Appellee*

Law Offices of Jose De La Luz Martinez PLLC, Phoenix
By Jose De La Luz Martinez
*Counsel for Respondent/Appellant*

## MEMORANDUM DECISION

Judge Andrew W. Gould delivered the decision of the Court, in which Presiding Judge Randall M. Howe and Judge Peter B. Swann joined.

**G O U L D**, Judge:

**¶1**        Christopher Marcus Coats ("Husband") appeals the family court's denial of his motion to set aside a default decree. For the following reasons, we affirm.

## FACTS AND PROCEDURAL BACKGROUND

**¶2**        Stacy Leigh Coats ("Wife") filed a petition for legal separation on November 18, 2013. Wife mailed the petition to Husband, and on November 19, 2013, Husband accepted service of the petition along with a summons and several other documents. Husband did not respond or answer the petition within twenty days of accepting service, and Wife filed an application and affidavit for default on December 11, 2013. Wife mailed a copy of the application to Husband's address at "3805 W. Cielo Grande, Glendale, AZ" (the "Cielo Grande Residence"). Husband never responded to the application, and the family court entered a default decree on March 10, 2014.

**¶3**        Husband filed a motion to set aside the default decree asserting, among other things, that the decree was void. The family court denied Husband's motion and affirmed the default decree. Husband timely appealed.

## DISCUSSION

**¶4**        Husband contends that the default decree is void because he never received notice of Wife's application for default.

**¶5**        We review the family court's denial of Husband's motion to set aside the default decree for an abuse of discretion. *Blair v. Burgener*, 226

Ariz. 213, 216, ¶ 7 (App. 2010).[1]   As the movant, Husband bears the burden of showing that the decree should be set aside.  *Id.*

**¶6**　　　　An application and affidavit for entry of default must be mailed "to the party claimed to be in default."   Ariz. R. Fam. L. P. 44(A)(1)(a).  "Without such notice, the ten-day grace period does not begin to run, the entry of default is ineffective, and the default judgment is void." *Ruiz v. Lopez*, 225 Ariz. 217, 223, ¶ 21 (App. 2010) (construing Arizona Rule of Civil Procedure 55(a)(1)).

**¶7**　　　　The record supports Wife's claim that she provided proper notice by mailing the application to Husband at the Cielo Grande Residence.  In October 2013, Husband moved out of the marital home and into the Cielo Grande Residence.  Husband concedes he was living at the Cielo Grande Residence when the application was mailed.  Additionally, in Wife's petition for separation and sensitive data coversheet, she listed Husband's address as the Cielo Grande Residence.  Husband received copies of these documents when he accepted service of the petition and summons.

**¶8**　　　　Husband argues that Wife should have mailed the application to him at the marital residence because (1) he never changed his mailing address from the marital residence, and (2) Wife knew that he continued to check the mailbox at the marital residence.  We disagree.  When Wife mailed the application, Husband had moved out of the marital home and was living in the Cielo Grande Residence; it is incongruous to assert she should have mailed the application to her own mailbox.

**¶9**　　　　Although the family court did not expressly find that Husband received notice of Wife's application for default, we may infer, based on the record before us, that the family court found that the default decree was not void because Husband was given proper notice.  *Cf. Jeffries v. First Federal Sav. & Loan Ass'n of Phoenix*, 15 Ariz. App. 507, 510 (1971) (explaining that an appellate court infers that the trial court made all findings necessary to support its ruling if there is evidence in the record to support the findings).  Accordingly, we affirm the default decree.

---

[1]　　　In construing the Arizona Rules of Family Law Procedure, we may look to cases interpreting the relevant Arizona Rule of Civil Procedure.  *See* Ariz. R. Fam. L. P. 1, comm. cmt.

**ATTORNEYS' FEES**

**¶10**        Wife seeks attorneys' fees pursuant to A.R.S. § 25-324(B)(2). In our discretion, we deny Wife's request for attorneys' fees.

**CONCLUSION**

**¶11**        For the foregoing reasons, we affirm.

