NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
## DIVISION ONE

In re the Marriage of:

KARINEH HEROYAN-HAMAYAK, *Petitioner/Appellee,*

*v.*

ARAM I. HAMAYAK, *Respondent/Appellant.*

No. 1 CA-CV 16-0211 FC
FILED 2-7-2017

Appeal from the Superior Court in Maricopa County
No. FC2015-090349
The Honorable Jeffrey A. Rueter, Judge

**AFFIRMED IN PART; VACATED IN PART; AND REMANDED**

COUNSEL

Karineh Heroyan-Hamayak, Glendale, CA
*Petitioner/Appellee*

David Alan Dick and Associates, Chandler
By David A. Dick
*Counsel for Respondent/Appellant*

**MEMORANDUM DECISION**

Presiding Judge Kenton D. Jones delivered the decision of the Court, in which Judge Patricia K. Norris and Judge Paul J. McMurdie joined.

**J O N E S**, Judge:

¶1          Aram Hamayak (Father) appeals the family court's order dissolving his marriage to Karineh Heroyon-Hamayak (Mother).  For the following reasons, we vacate the court's orders allocating debt and assets and limiting Father's award of attorneys' fees, and remand for reconsideration of these issues consistent with this decision.  The decree is affirmed in all other respects.

## FACTS[1] AND PROCEDURAL HISTORY

¶2          Father and Mother married in 1997 and have one minor child (Child), born in 2002.  Mother petitioned for dissolution of the marriage in January 2015.  Based upon the parties' financial information, the family court entered temporary orders in April 2015 awarding Father spousal maintenance of $1,000 per month and Mother child support of $265 per month.  Mother was also ordered to pay $3,000 toward Father's attorneys' fees.  Within a week of its entry, the court modified the order to require supervised parenting time for Father after Mother alleged he sexually assaulted Child.

¶3          In June 2015, the marital residence was sold. Mother immediately retracted her request for supervised parenting time claiming she now believed Father merely exercised "poor judgment" and did not intend to harm Child.  In light of the parties' agreement, the family court removed the supervision requirement so Mother could move to California and Child could live with Father.

¶4          In February 2016, after a one-day bench trial, the family court entered a decree of dissolution that awarded the parties joint legal decision-making and granted Mother's request to permit Child to relocate to California.  The court attributed to Father an income of $2,296.67, ordered him to pay $238.72 a month in child support, and denied his request for spousal maintenance after finding he was underemployed by choice.  The decree also divided the community property and debts and awarded Father the portion of his attorneys' fees and costs resulting from the allegation he acted inappropriately toward Child.  Father filed a timely notice of appeal,

---

[1]          We view the facts in the light most favorable to sustaining the decree. *Gutierrez v. Gutierrez*, 193 Ariz. 343, 346, ¶ 5 (App. 1998).

and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) sections 12-120.21(A)(1)[2] and -2101(A)(1).

## DISCUSSION

**¶5**     On appeal, Father argues the trial court erred by: (1) awarding Mother primary physical custody of Child and permitting Child to relocate to California; (2) attributing him income, for purposes of calculating child support and spousal maintenance, in excess of his reported earnings; (3) determining he did not qualify for spousal maintenance; (4) failing to equitably allocate community property and debt; (5) not properly addressing Mother's failure to provide appropriate discovery; and (6) declining to award him additional attorneys' fees.  We address each argument in turn.

## I.     Custody, Parenting Time, and Relocation

### A.     Best Interests

**¶6**     Father argues the family court's decision to award Mother primary physical custody of Child is not supported by the evidence.  In a contested custody case, the court "shall determine legal decision-making and parenting time . . . in accordance with the best interests of the child" after making specific findings on the record with regard to the factors listed in A.R.S. § 25-403(A).  *Hurd v. Hurd*, 223 Ariz. 48, 51, ¶ 11 (App. 2009).  We review a custody determination for an abuse of discretion.  *See Owen v. Blackhawk,* 206 Ariz. 418, 420, ¶ 7 (App. 2003) (citing *In re Marriage of Diezsi*, 201 Ariz. 524, 526, ¶ 3 (App. 2002)).  But we do not reweigh evidence on appeal; rather, we defer to the court's factual findings, both express and implied, unless they are clearly erroneous, *Danielson v. Evans*, 201 Ariz. 401, 406, ¶ 13 (App. 2001) (citing Ariz. R. Civ. P. 52(a), and *In re Marriage of Yuro*, 192 Ariz. 568, 570, ¶ 3 (App. 1998)), and we will affirm the custody order if there is any reasonable evidence to support it, *Borg v. Borg*, 3 Ariz. App. 274, 277 (1966) (quoting *Fought v. Fought*, 94 Ariz. 187, 188 (1963)).

**¶7**     Father argues substantial evidence does not support the family court's findings that: (1) there was no credible evidence that "either parent was convicted of an act of false reporting of child abuse or neglect," A.R.S. § 25-403(A)(11); (2) both parties were "likely to allow the child frequent, meaningful and continuing contact with the other parent," A.R.S. § 25-403(A)(6); and (3) there was no credible evidence either parent

---

[2]     Absent material changes from the relevant date, we cite a statute's current version.

"intentionally misled the court to cause an unnecessary delay, to increase the cost of litigation or to persuade the court to give a legal decision-making or parenting time preference to that parent," A.R.S. § 25-403(A)(7). Father bases these arguments on Mother's unfounded allegation of inappropriate conduct and her testimony that she did not correct Father's mistaken belief that an order of protection prevented him from contacting Child. The court did find Mother's allegations of inappropriate contact were unsubstantiated and "lodged solely to obtain an advantage in the litigation" and sanctioned her for the conduct. However, Father did not present any evidence that Mother was convicted of any crime in connection with those allegations or that Mother's unsubstantiated allegations in April 2015, retracted in June 2015, caused unnecessary delay or continued to frustrate frequent, meaningful, and continuing contact with Father by the time of the February 2016 trial. And, contrary to Father's contention otherwise, Mother's conduct does not create any presumption against joint custody or decision-making authority. *See* A.R.S. § 25-403.01(B) (directing the court to consider a variety of factors in determining what is in a child's best interests). Under these circumstances, we cannot say the court's findings are clearly erroneous or that the court failed to consider relevant evidence.[3]

¶8        Father argues the family court ignored evidence regarding Child's "interaction and interrelationship . . . with . . . any other person who may significantly affect the child's best interests." A.R.S. § 25-403(A)(2). With regard to this factor, the court expressly noted that Child has friends in Arizona, but found "Father did not provide any information regarding any relationships between the Child and other persons that may significantly interact with the Child." Father argues evidence showed Child did have relationships with Arizona relatives. However, the evidence suggests Father's relatives did not have a close relationship with Child, supporting the court's implicit conclusion that these relatives did not "significantly interact" with Child, warranting further consideration under A.R.S. § 25-403(A)(2).

¶9        Father next argues the family court erred by failing to consider the "psychological harm" caused to Child when Mother's boyfriend moved into the marital home shortly after Father left. But Father did not present any evidence Child was harmed by these circumstances.

---

[3]        Father also argues substantial evidence does not support a finding that Child wanted to move to California with Mother. However, the family court's order does not contain any finding regarding Child's preferences, noting instead that *Mother* wanted Child to relocate.

*See Higgins v. Higgins,* 194 Ariz. 266, 271, ¶ 21 (App. 1999) (holding the party claiming a child is harmed by a parent's adulterous cohabitation bears the burden of proving it with competent evidence).

**¶10**       We find no error in the disputed findings and conclusions and will not second-guess the family court's determination of the weight to be afforded each factor.  *See Ariz. Dep't of Econ. Sec. v. Oscar O.*, 209 Ariz. 332, 334, ¶ 4 (App. 2004) (noting the trier of fact "is in the best position to weigh the evidence, observe the parties, judge the credibility of witnesses, and resolve disputed facts") (citing *Jesus M. v. Ariz. Dep't of Econ. Sec.*, 203 Ariz. 278, 280 (App. 2002)).  Substantial evidence supports the award of custody to Mother and therefore the court did not abuse its discretion.  *See Pridgeon v. Superior Court,* 134 Ariz. 177, 179 (1982) (holding a trial court abuses its discretion where there is "a clear absence of evidence to support its actions") (citing *Smith v. Smith*, 117 Ariz. 249, 253 (App. 1977), and *Bailey v. Bailey*, 3 Ariz. App. 138, 141 (1966)).

### B.       Relocation

**¶11**       Father contends the family court erred in granting Mother's relocation request because he did not have notice that the issue would be litigated at trial.  This argument is not supported by the record.  Father was aware Mother relocated to California in June 2015 when the matter was discussed in open court and the parties agreed to modify the temporary orders to designate Father as Child's primary physical custodian.  Father was likewise aware Mother sought an order allowing Child to relocate to California; the "[r]elocation of [Child] to the State of California" was specifically listed in the parties' September 2015 joint pretrial statement as a contested issue to be resolved at trial.  Father was clearly aware of Mother's desire to relocate Child at least five months prior to trial, and cannot rightfully claim he was surprised when the issue was actually litigated.[4]

**¶12**       Father also argues the family court abused its discretion in concluding it was in Child's best interests to move to California.  Father argues the court's finding that Mother's motivation in relocating was in Child's best interests is not supported by the evidence because, he contends,

---

[4]       Although Father contends Mother did not comply, procedurally, with Arizona law in advancing her request to relocate Child, the specific notice provisions of A.R.S. § 25-408 apply, by the statute's plain terms, only when "both parents reside in the state."  A.R.S. § 25-408(A); *cf. Buencamino v. Noftsinger*, 223 Ariz. 162, 163 (App. 2009).

Mother in fact moved to be with her boyfriend. However, the record reflects Mother lost her job in Arizona in May 2015, and, when the marital residence sold in June 2015, Mother had nowhere to live and moved in with relatives in California. She has since procured employment in California that allows her to work from home so she can spend more time with Child. Therefore, the court's finding is supported by substantial evidence.

¶13 Additionally, Father does not dispute the family court's findings that Mother had a stronger bond with Child and was more involved in Child's education and daily activities than Father, who relied on Child and Mother to report concerns; nor does Father address the court's concerns that he does not have the necessary parenting skills to ensure Child's success in school. Moreover, the record reflects the court considered the factors listed in A.R.S. § 25-408(I) and could have reasonably concluded relocation was in Child's best interests. Although Father presented some conflicting evidence, we defer to the court's ability to resolve factual disputes and appropriately weigh each circumstance. We find no abuse of discretion.

## II. Calculation of the Parties' Incomes

¶14 Father argues the family court erred in attributing him income of $2,296.67 per month for purposes of calculating support obligations because he testified he was unable to work a more physically demanding job. We review the court's decision to attribute a party additional income for an abuse of discretion. *See Pullen v. Pullen*, 223 Ariz. 293, 295, ¶ 9 (App. 2009) (citing *Megremis v. Megremis*, 633 S.E.2d 117, 123 (N.C. App. 2006), and *Chen v. Warner*, 695 N.W.2d 758, 570, ¶ 43 (Wis. 2005)).

¶15 The family court found Father was capable of working full-time and attributed him income as if he earned the same wage but worked forty hours per week year-round. Father presented evidence he had been injured and could not return to his previous work as a retail shift supervisor, but other evidence, including records from the Social Security Administration, indicated Father did not qualify for disability benefits and could "adjust to other work." Indeed, Father had acquired "other work" as a bus driver, earning $13.25 per hour, and working thirty-two hours per week for nine months of the year, and Father testified he had also considered working as a home inspector but had failed to complete the training. Father further argued his lack of education precluded more lucrative employment and presented evidence he was unable to obtain a GED because he worked odd hours. He did not provide any explanation

as to why he did not complete that task during the summer months when he was not driving a bus and therefore not working odd hours; nor did he present any evidence that he initiated efforts to further his education or seek additional training during the ten-month period he was awarded temporary spousal support, despite knowing Mother disputed his need for support. Under these circumstances, we find no abuse of discretion.

¶16    Father contends the family court should have attributed a higher income to Mother because she had been earning more before she relocated to California. The court implicitly concluded Mother's reduction in income was reasonable under the circumstances. *See* A.R.S. § 25-320 app. § 5(E) (Guidelines) (authorizing the court to consider the reasons a parent is working below full earning capacity before attributing increased income). This conclusion is supported by the evidence, which indicated Mother was terminated from her higher-paying job in Arizona, originally secured a comparable but temporary job in California, but then was able to obtain a permanent position that, while paying less, allowed her to work from home and devote more time to Child. Father has not shown any error.

¶17    Father also argues the family court erred by excluding "mineral and farm rents" from its calculation of Mother's income. Rents and royalties are considered income for purposes of calculating support obligations and should have been included. *See* Guidelines § 5(A), (C); *Milinovich v. Womack*, 236 Ariz. 612, 616, ¶ 15 (App. 2015) (explaining the Guidelines' definition of "gross income" is broad and should be interpreted in accordance with the best interests of the child) (citations omitted). However, even assuming error, a $75 increase in Mother's monthly income decreases Father's child support obligation by only $3.20. The difference is *de minimis* and does not constitute an abuse of discretion.

## III.    Spousal Maintenance

¶18    Father argues the family court erred in concluding he did not qualify for spousal maintenance under A.R.S. § 25-319(A). As relevant here, a party may be entitled to spousal maintenance if he:

> 1. Lacks sufficient property, including property apportioned to the spouse, to provide for that spouse's reasonable needs.

> 2. Is unable to be self-sufficient through appropriate employment or . . . lacks earning ability in the labor market adequate to be self-sufficient.

> . . . [or]

4. Had a marriage of long duration and is of an age that may preclude the possibility of gaining employment adequate to be self-sufficient.

A.R.S. § 25-319(A). We review rulings on spousal maintenance for an abuse of discretion. *Boyle v. Boyle*, 231 Ariz. 63, 65, ¶ 8 (App. 2012) (citing *Gutierrez*, 193 Ariz. at 348, ¶ 14).

**¶19**     Here, the family court concluded Father was not entitled to spousal maintenance because he was capable of obtaining full-time employment at a wage that would enable him to meet his reasonable needs. This finding is supported by reasonable evidence, *see supra* ¶ 15, and precludes an award of spousal maintenance.[5]   We find no abuse of discretion.[6]

## IV.     Property and Debt Allocation

**¶20**     The family court is required to "divide the community, joint tenancy and other property held in common equitably, though not necessarily in kind." A.R.S. § 25-318(A). However, separate property and debts must be assigned to the proper spouse. *See In re Marriage of Flower*, 223 Ariz. 531, 535, ¶ 12 (App. 2010). Father contends the property and debt allocation in the decree is not supported by substantial evidence. We review the court's allocation for an abuse of discretion. *Id.* at ¶ 14 (citing *Boncoskey v. Boncoskey*, 216 Ariz. 448, 451, ¶ 13 (App. 2007)).

**¶21**     First, Father contends the family court failed to allocate to Mother $17,000 withdrawn from a community account to pay for her father's funeral. *See* A.R.S. § 25-318(C) (permitting the court to consider "excessive or abnormal expenditures" in determining an equitable division). The record reflects, however, that Mother withdrew those funds in December 2014, before the petition was filed. There was no evidence

---

[5]     Father argues the family court's finding that the parties' seventeen-year marriage was not "of long duration" is clearly erroneous. While we tend to agree with this assessment, it is irrelevant in light of Father's ability to "gain[] employment adequate to be self-sufficient." A.R.S. § 25-319(A)(4).

[6]     Because Father is not eligible for an award of spousal maintenance, we need not and do not address his arguments regarding the amount and duration of a maintenance award. *See Gutierrez*, 193 Ariz. at 348, ¶ 15 (citing *Thomas v. Thomas*, 142 Ariz. 386, 390 (App. 1984)).

Father was unaware of the expense or objected to it as wasteful, and Mother testified she repaid the money to the community account. Therefore, the court did not err in rejecting this claim.

¶22        Father also argues the family court erred in ordering the parties to split an $11,000 personal loan from Discover because, he contends, it was not a community debt. Because the loan was acquired before the petition for dissolution was filed, it is presumed to be a community obligation. *See* A.R.S. § 25-211(A) ("All property acquired during marriage is presumed to be community property, except property a spouse acquires by gift, devise, or descent."); *Flower*, 223 Ariz. at 535, ¶ 12 (applying same principal to debt incurred during a marriage) (citation omitted). In fact, Mother testified the loan represented a consolidation of their community debt. Father has not shown otherwise, and the court did not abuse its discretion in determining that the parties were equally responsible to repay it.

¶23        Father next argues he was entitled to a greater share of the proceeds from the sale of the marital residence because Mother had exclusive use of the home and, he contends, was several months behind on the mortgage at the time it sold. Mother disputed Father's claim, and Father did not provide any documentary evidence to support his testimony that the closing statement contained additional charges for unpaid mortgage payments. Deferring to the family court's resolution of conflicting testimony, we find no abuse of discretion.

¶24        Father also contends the family court abused its discretion in failing to award him a portion of rental income he claims Mother withheld. However, Mother testified the two rental properties made no profits after she paid the mortgage, home equity line of credit, taxes, home warranty, and homeowners' association fees. Father disputed the travel expenses Mother related to the properties, but, even without these costs, the expenses exceeded the income. On these facts, we find no abuse of discretion in the court's determination that Mother had no rental income.

¶25        Father argues the family court erred by ordering him to pay $3,000 owed on an Amazon credit card and Mother to pay $4,000 owed on a Southwest credit card, instead of allocating the entirety of those debts to Mother, because, he contends, the cards were used to pay Mother's attorneys' fees. In March 2015, shortly after petitioning for dissolution, Mother averred within her Affidavit of Financial Information that the Amazon credit card balance was $298.95 and the Southwest credit card balance was $4,038.61. At this point, she had not paid any attorneys' fees.

¶26 Two months later, Mother averred she had paid $21,000 in attorneys' fees, using her credit cards. The credit card balances increased to $9,615.61 and $5,250.64 respectively.[7] Father did not have access to either account, and although Father asked Mother to clarify how much of her attorneys' fees were paid with these credit cards, Mother offered only October 2015 statements for the accounts. Because Mother failed to disclose the relevant information solely within her control, Father was unable to establish the amount of the increase attributable to Mother's attorneys' fees. Nor did Mother provide evidence that any of the post-petition charges on these accounts were for community expenses. Accordingly, the court's determination that the Amazon and Southwest credit card debt are community obligations is not supported by the record and its orders allocating these debts among the parties is vacated.

¶27 On remand, the family court may, in its discretion, reopen the evidence to permit the parties to establish what portion, if any, of these debts constitutes a community obligation prior to making an equitable division. And although we have affirmed the court's rulings on the property and debt issues identified herein, the court has discretion to reconsider those rulings and reallocate property and debt to achieve an equitable division.

## V. Discovery Issues

¶28 Father argues the family court erred in its handling of Mother's failure to provide adequate discovery. The court has broad discretion over discovery matters, and we will not disturb its rulings on those matters absent an abuse of that discretion and resulting prejudice. *Zimmerman v. Shakman*, 204 Ariz. 231, 235, ¶ 10 (App. 2003) (quoting *Brown v. U.S. Fid. & Guar. Co.*, 194 Ariz. 85, 88, ¶ 7 (App. 1998)); *see also State v. Towery*, 186 Ariz. 168, 186 (1996) ("Denial of a sanction is generally not an abuse of discretion if the trial court believes the defendant will not be prejudiced.") (citing *State v. Fisher*, 141 Ariz. 227, 246 (1984)). Prejudice must appear from the record and will not be presumed. *United Cal. Bank v. Prudential Life Ins. Co. of Ariz.*, 140 Ariz. 238, 295 (App. 1983) (citing *State v. Whitman*, 91 Ariz. 120, 127 (1962), *Phx. W. Holding Corp. v. Gleeson*, 18 Ariz. App. 60, 65 (1972), and *Kerley Chem. Corp. v. Producers Cotton Oil Co.*, 2 Ariz. App. 56, 58 (1965)).

---

[7] Other credit card debt had also increased, but those debts were assigned to Mother as her separate obligations.

¶29      In October 2015, the family court granted Father's motion to compel and request to continue the trial and ordered both parties to provide specific information regarding income and property within their respective control. Ultimately, Mother did not provide statements for her Amazon and Southwest credit cards as required by Arizona Rule of Family Law Procedure 49(F)(2). These failures are addressed in ¶¶ 25-26, *supra*. Although Father argues other disclosures were lacking, he has failed to establish any prejudice from the circumstances. Thus, the court did not ignore its prior findings regarding Mother's misconduct and delay, but rather fashioned its remedy — permitting Mother to testify but allowing Father to argue the weight to be given that evidence in light of the lack of disclosure — in proportion to the resulting harm. *See State v. Payne*, 233 Ariz. 484, 518, ¶ 155 (2013) ("[A]ny [discovery] sanction must be proportional to the violation and must have 'a minimal effect on the evidence and merits.'") (quoting *Towery*, 186 Ariz. at 186). We find no abuse of discretion.[8]

## VI.    Attorneys' Fees

¶30      Father argues the family court erred in limiting its award of attorneys' fees in his favor to those associated with Mother's unfounded allegations that Father abused Child, and failing to award fees related to his motions: (1) seeking to hold Mother in contempt for failing to pay child support and spousal maintenance; (2) to compel discovery; and (3) to preclude evidence not timely disclosed. A party's entitlement to fees presents a question of law we review *de novo*. *Barrow v. Ariz. Bd. of Regents*, 158 Ariz. 71, 80 (App. 1988) (citation omitted). The court's discretionary decision to award fees is reviewed for an abuse of discretion. *Gutierrez*, 193 at 351, ¶ 32 (citing *Thomas*, 142 Ariz. at 393).

¶31      The family court has discretion to award attorneys' fees as a sanction for failure to make support payments. *See* Ariz. R. Fam. L.P. 92(E)(2). The record reflects Mother had been unemployed for several months during the time she was not making support payments. The court's implicit denial of fees for this contempt was not an abuse of discretion.

---

8     We find no merit in Father's arguments that the family court failed to rule on his motions. The decree specifically "den[ies] any affirmative relief . . . not expressly granted."

¶32 Father also requested an award of attorneys' fees as a sanction for Mother's failure to provide mandatory disclosure and abide by the court's discovery orders. Pursuant to Arizona Rule of Family Law Procedure 65(A)(4)(a):

> If the motion [for an order compelling disclosure or discovery] is granted . . . the court *shall,* after affording an opportunity to be heard, *require* the party or deponent whose conduct necessitated the motion or the party or attorney advising such conduct or both of them to pay the moving party the reasonable expenses incurred in making the motion, including attorneys' fees, unless the court finds that the motion was filed without the movant's first making a good faith effort to obtain the disclosure or discovery without court action, or that the opposing party's nondisclosure, response, or objection was substantially justified or that other circumstances make an award of expenses unjust.

(Emphasis added).

¶33 The family court did not make any findings which would exempt Mother from the mandatory fee-shifting set forth in Rule 65(A)(4)(a). Therefore, we vacate the ruling limiting Father's fee award, and direct the court on remand to award Father his reasonable attorneys' fees and expenses incurred in advancing his successful discovery motions.

## CONCLUSION

¶34 The orders allocating the Southwest and Amazon credit card debt and limiting Father's attorneys' fees to those associated with Mother's false allegations of misconduct are vacated. The case is remanded for reconsideration of the proper allocation of property and assets and for entry of an award of attorneys' fees and expenses in Father's favor related to his successful discovery motions. The decree is affirmed in all other respects.

¶35 Neither party requests attorneys' fees on appeal, and because we find neither party entirely successful, we decline to award costs pursuant to A.R.S. § 12-341.